## NEW-YORK COMMON PLEAS,

ELIJAH BROWN agt. GARRET W. RYCKMAN, JR.

The allegations in an answer that the plaintiff is not the owner and holder of the note, and that A. B. is the owner and real party in interest, create no issue, and amount to a mere traverse, which is not recognized by the Code. If these allegations were good as a denial, they would be bad for *duplicity*.

A defence may be *hypothetically* predicated upon a fact alleged in the complaint, not presumptively within the knowledge of the defendant, when he denies any knowledge or information of such a fact sufficient to form a belief.

Thus, *if* the plaintiff is the owner of the note, he took it with notice of such failure of consideration. *If* he (the plaintiff) is the owner of the note, he obtained it as an attorney at law for the purpose of prosecuting it contrary to the statute.

A defendant may often be in the position, under the present system of pleading, of having no other than a *hypothetical* form of placing his defence before the court. The denial is itself, in its own nature, often hypothetical. And his rights are not to be restricted, limited, or controlled by an arbitrary rule, not of pleading, but of *verification*, which is the true question in these cases under the Code. (*See* 5 *How. Pr. R.* 14; 6 *id.* 59, 84, *and* 401; 7 *Barb.* 80; *and* 14 *Barb.* 533, *adverse to hypothetical pleading.*)

*Special Term, March,* 1856.

THIS is an action against the maker of a promissory note. The complaint alleges the making of the note; that it has matured; that the whole amount is due to the plaintiff; that it was endorsed and delivered to him by the payee therein named; and demands judgment for the amount thereof.

The answer, first, on information and belief, says, that the plaintiff is not the holder or owner of the note, and that E. F. Brown is the owner and party in interest. The answer then, secondly, as a separate defence, alleges that the note was given to E. F. Brown for services to be performed, and that the consideration thereby failed; and further, in this connection, that *if* the plaintiff is the owner, he took it with notice of such failure. The answer then, thirdly, as a separate defence says, that the defendant has no knowledge or information sufficient

to form a belief, that the said E. F. Brown endorsed or delivered the note to the plaintiff for a valuable or any consideration. The answer then, fourthly, as a further and separate defence, alleges that the plaintiff is an attorney at law, and *if* he is the owner of the note, he obtained it for the purpose of prosecuting it, contrary to the statute in such case made and provided.

The plaintiff demurs to the whole of the answer, except that part of it denying the endorsement or delivery of the note by the payee, and for reasons set out in detail; but in reference to the second and fourth defences more particularly, that they are hypothetically stated.

ELIJAH BROWN, *in person.*
BEEBE & DONOHUE, *for defendant.*

BRADY, Justice. The allegations, that the plaintiff is not the owner and holder of the note, and that E. F. Brown is the owner and real party in interest, create no issue, and amount to a mere traverse, which is not recognized by the Code. They do not deny the property in, and possession of the note by the plaintiff, and yet allege the note to belong to another. If these allegations were good, as a denial, they would be bad for duplicity. Each defence must be separately stated, and be an answer to the cause of action to which it is addressed. (10 *Pr. Rep.* 68; 5 *Sand.* 210; 8 *Pr. Rep.* 242.)

Perhaps, if the denial of the endorsement or delivery was not set up as a separate defence, the allegations just mentioned would be consistent with it and sustained. As to the first defence, therefore, the demurrer is well taken, but different considerations suggest themselves as to the residue of the answer.

I am aware that in several cases hypothetical pleading has been declared to be obnoxious, (6 *Pr. Rep.* 59, 84, 401; 14 *Barb.* 533; 5 *Pr. R.* 14; 7 *Barb.* 80,) and an examination of these cases show that the peculiar form of denial, allowed by the Code, has not received the consideration which it required.

I suggest this with due deference to the learned judges who

delivered and concurred in the opinions expressed in these cases. The case in 5 *Pr. Rep. supra*, arose where a denial on information and belief was allowed. Those referred to in 7 *Barb.* and 6 *Pr. Rep.*, were cases in which the hypothetical answers were as to the acts of the defendants, and presumptively within their own knowledge; and in the case in 14 *Barb.* Justice WILLARD, who delivered the opinion in 5 *Pr. Rep. supra*, also delivered the opinion of the court, citing in support of his views, among others, the cases mentioned. These decisions appear to be founded on a rule of the common law system of pleading, which required a plea seeking to avoid the declaration to confess directly, or by implication, that but for the matter of avoidance contained in it, the action could be maintained. (*Conger* agt. *Johnston*, 2 *Wend.* 96.)

Under that system there were but two pleas—the plea in abatement, and the plea of *puis darrien continuance*, which required a verification. The conscience of the party was not appealed to, and the pleader was not called upon to consider what his client could declare on oath, but what form he should adopt to place the defence on the record. But hypothetical pleading, even under that system, was not always condemned, as illustrated by Judge WOODRUFF in *Ketcham* agt. *Zerega*, (1 *E. D. Smith*, 553.)

The difficulty under which the defendant must rest as to the denial of what another did, which he cannot deny, being ignorant thereof, and which he cannot admit for the same reason, is not considered in any of the cases mentioned, except in the case of *Ketcham* agt. *Zerega*. The Code has introduced a system entirely new. It is not an alteration; it is a radical change; and § 140 not only abolishes all the forms of pleading heretofore existing, but provides that the rules by which the sufficiency of a pleading is to be determined, are prescribed by the act. This leads to the decision of the question, whether, under the Code, the answer of a defendant under oath, may be hypothetical, and, indeed, whether it can be otherwise in many cases which may arise.

The defendant, in this case, admits that he made the note

sued, but he does not know whether it was endorsed or delivered to the plaintiff, and he denies any knowledge or information on the subject sufficient to form a belief, which puts that fact in issue. Unless he denies the allegation positively, there is no other mode of reply. He has no alternative. The act prescribes the manner of his denial, and leaves him no choice. The denial is itself, in its own nature, hypothetical. He does not know whether the plaintiff is the owner or not; but if he is, then there is a defence, and so he tells his story. It is a very natural sequence to the statement of his doubt on the subject, and that doubt, of course, he has a right, and when his conscience is appealed to is obliged, to entertain. It follows as matter of law, if the endorsement or delivery be not proved, that the plaintiff cannot recover; but whether it can be proved remains to be determined by trial. If, however, it should be proved, and the plaintiff is right in court, then the defences alleged are good; and if proved, the defendant must succeed. He cannot state the plaintiff took the note with knowledge of the failure of consideration, because he don't know whether he took the note at all or not, and his oath admonishes him on the subject. If, however, the plaintiff did take it, then he took or obtained it under the circumstances and for the purpose stated in the answer. Thus it seems that the defendant could not place his defences before the court in any other mode than the one adopted from the necessities which the new system has created; and had the alternative of admitting what might not be true, and so jeopardise his rights or brave his conscience, and assume to be false a fact alleged of which he was ignorant. This may often be the position of the defendant, in which his rights are not to be restricted, limited, or controlled by any arbitrary rule, not of pleading but of verification, which is the true question in these cases under the Code.

Judge WOODRUFF very justly remarks, in *Ketcham* agt. *Zerega*, *supra*, and at page 560, " It may often be true, that the defendant is wholly ignorant of the facts alleged by the plaintiff, and if so, he cannot be required to admit them. To compel him to do so is to do injustice."

And again : " It is clear to my mind that the defendant cannot be required, as a condition of averring new matter, to make an admission of the facts alleged, which shall preclude him from denying them on the trial."

For these reasons, I think that a defence may be hypothetically predicated upon a fact alleged in the complaint, not presumptively within the knowledge of the defendant, when he denies any knowledge or information of such fact sufficient to form a belief, and, therefore, that the demurrer to the third and fourth defence is not well taken.

It was also insisted, on the argument, that the fourth defence was objectionable, because it did not set out in detail the facts and circumstances of the procurement of the note by the plaintiff to sue. The statute, before the Code, only required the defendant to give notice that he would insist upon and prove at the trial that the demand on which the action was founded had been bought and sold, or received for prosecution contrary to law without, setting forth any other particulars. (2 *Revised Statutes*, 4th ed., p. 475.) Nothing more is now required, and the fact of the procurement is alleged sufficiently for the defence it makes.

The judgment must be for the defendant, without costs to either party, and with liberty to the plaintiff to withdraw the demurrer, if he shall deem it advisable.