lection of his judgment. In the meantime he is not affected in his property or its enjoyment in the least; and upon giving bail, not usually in practice, attended with any serious difficulty, his person is at liberty. , I will not pursue the subject.

Having come to the conclusion that the questions of fact, so much litigated upon this motion, are questions involving the merits of the action, and that they are peculiarly proper for the jury, I decline to express any further opinion upon them, and deny the motion.

It will not be necessary to pass upon the question as to the residence of the defendant, or his intention to remain from the state. If the decision of the motion depended upon these questions, I should feel called upon to decide them, inasmuch as they are questions not involved in the cause of action.

The motion to vacate the order of arrest is denied, with ten dollars costs.

---

## SUPERIOR COURT.

### JOHN MYERS agt. JOHN A. MACHADO.

An averment in a complaint upon a protested bill of exchange, that the plaintiff is duly authorized to bring an action on behalf of the foreign banking company, (the owners of the bill,) as one of its registered officers, is a conclusion of law merely. He should set forth the existence and terms of the act under which the bank was organized, and an authority given to him as one of its registered officers to sue on its behalf. Without this, the complaint is insufficient.

If it should appear that such an authority was given, the plaintiff could maintain the action in his own name, on behalf of the bank, not only on grounds of international comity, but as a trustee of an express trust, within a reasonable interpretation of the Code.

*Special Term, Feb.,* 1857.

H. G. DE FOREST, *for plaintiff.*
E. BENEDICT, *for defendant.*

Myers agt. Machado.

DUER, Justice.   The action was against the defendant as drawer of a protested bill of exchange, discounted by and belonging to the Royal Bank of Liverpool.

The complaint averred that the plaintiff was one of the public registered officers of the Royal Bank of Liverpool, which was a banking company duly constituted and existing under the laws of the kingdom of Great Britain, and, as such officer, was duly authorized and empowered to commence any and all proceedings, at law and in equity, on behalf of said bank; and that the suit was brought for the benefit and on behalf of the said bank.

The complaint, in other respects, was in the usual form, and contained all proper averments to charge the defendant as drawer of the bill of exchange in question.

The defendant demurred, and specified the following grounds of demurrer:—

*First.* That the complaint did not state facts sufficient to constitute a cause of action.

*Second.* That the action was not prosecuted in the name of the real party in interest.

*Third.* That the Royal Bank of Liverpool is not made a party to the action.

*Fourth.* That the complaint does not state whether the Royal Bank of Liverpool is a corporation.

*Fifth.* That the members of the banking company are not made parties to the action.

*Sixth.* That the plaintiff is not authorized, by the laws of this state, to bring the action.

*Held,* That the facts averred in the complaint constituted a valid cause of action, and that the demurrer on the first ground stated must be overruled.

*Held,* That the averment that the plaintiff was duly authorized to bring the action on behalf of the bank, was not an averment of facts, but of a conclusion of law, and that the complaint was defective in not setting forth the existence and terms of the act of parliament, if any, under which the bank was organized, and

an authority given to the plaintiff, as one of its registered officers, to sue on its behalf.

*Held,* That if it should appear that such an authority was given, the plaintiff could maintain the action in his own name on behalf of the bank, not only on grounds of international comity, but as trustee of an express trust, within a reasonable interpretation of the Code.

*Held,* That the demurrer could not be sustained upon any other of the specified grounds.

Judgment for defendant,—dismissing complaint, unless plaintiff, within forty days, serve an amended complaint, setting forth facts showing his authority to bring the action.

No costs to either party, if complaint so amended.

———————

## SUPREME COURT.

### Wheeler agt. Dixon and others.

By the 157th section of the Code, as amended in 1854, "the verification of any pleading, in any court of record in this state, may be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading."

Where it can be seen from the *complaint* that the defendant would be privileged from testifying as a witness to the truth of its allegations, the defendant may serve his answer without a verification, and unaccompanied by any affidavit, stating the grounds on which he omits to verify it. (*See to the same effect Clapper* agt. *Fitzpatrick, 3 How. Pr. R.* 314, *under the Code of* 1848, *which contained substantially the same provision.*)

A witness is not bound to speak when the answer may subject him to a prosecution for a crime or misdemeanor, or to any penalty or forfeiture, or anything in the nature of a penalty or forfeiture, or has a tendency to degrade his character.

*Washington Special Term, Jan.,* 1856.

Motion to set aside answer for want of verification.

The cause of action stated in the complaint was assault and battery, and the answer denied all the allegations in the complaint. The complaint was verified.