# PRACTICE REPORTS.

SUPREME COURT.

LAFAYETTE D. HOLSTEIN agt. DAN RICE.

The plaintiff brought his action on a promissory note, and in his complaint alleged that the note was made by the defendant payable to his own order, and by him indorsed and delivered to one J. M., for a valuable consideration; and that the plaintiff is now the *bona fide holder and owner* of the note.

*Held*, that a demurrer to the complaint that it did not state how the plaintiff became *the holder and owner* of the note, was not well taken. (*This is adverse to White* agt. *Brown,* 14 *How.* 282, *and supposed to be adverse to Thomas* agt. *Desmond,* 12 *Id.* 321.)

*At Chambers, June,* 1857.

MOTION for judgment on account of frivolousness of demurrer.

THE complaint contains two counts, each upon a promissory note made by the defendant, payable to his own order and by him indorsed and delivered to one John Maginnis, for a valuable consideration. It is further alleged in each count, that the plaintiff is now the *bona fide holder and owner* of the note, and the plaintiff claimed judgment for the amount of both notes, with interest.

The defendant demurred to the complaint, on the ground that no facts were stated showing how the plaintiff became *the holder and owner* of the notes. The plaintiff, pursuant to the 247th section of the Code, moved for judgment.

H. HARRIS, *for plaintiff.*

C. B. COCHRAN, *for defendant.*

HARRIS, Justice. The demurrer is not well taken. The complaint shows that the defendant has made two negotiable promissory notes and delivered them to his creditor, and that these notes, at the time of the commencement of this suit, were held and owned by the plaintiff. This is, *prima facie*, enough to entitle the plaintiff to recover. If the plaintiff, as he alleges, is the *bona fide* holder and owner of the notes, it does not concern the defendant to know how he came by them. It is not necessary that it should be alleged through whose hands the notes were passed, or whether the plaintiff acquired them by indorsement or mere delivery. If the defendant doubts whether it is true that the plaintiff is the *bona fide holder and owner*, he has but to deny the allegation, and then the plaintiff will be required to establish the fact of his ownership. Of this the mere production of the notes, if indorsed in blank, would be sufficient evidence in the first instance. If specially indorsed, some other evidence might be required. In either case, the fact to be established would be that which this demurrer admits, that the plaintiff is the legal holder and owner of the notes. (*See Benson* agt. *Cushman*, 1 *Code Rep.* 119; *Taylor* agt. *Corbiere*, 8 *How.* 385; *Mitchell* agt. *Hyde*, 12 *How.* 460; *James* agt. *Chalmers*, 5 *Sand.* 52.)

In *Russell* agt. *Clapp*, (7 *Barb.* 482,) the action was upon a judgment recovered in another state, by the plaintiff. The answer was, that the plaintiff was not *the real party in interest* in the action. It was held, that the answer was insufficient, for the reason that the question whether or not the plaintiff was the real party in interest, was not a traversable fact. But if, instead of alleging that the plaintiff was not the real party in interest, the defendant had alleged that some other person, by assignment or operation of law, had become, and then was the owner of the judgment, or even that the plaintiff was not the owner of the judgment, I suppose the answer would not have

been held to be insufficient. *Bentley* agt. *Jones* (4 *How*. 202) was decided upon the same principle.

The case of *Parker* agt. *Totten*, (10 *How*. 233,) is clearly distinguishable from that now under consideration. The action was against the maker and indorser of a promissory note. The complaint stated that the payee indorsed the note and delivered it, but to whom he delivered it, was not stated. The only other allegation in the complaint was, that the note " before it became due, was duly delivered to, and came into the possession of the plaintiffs." This was clearly insufficient to show the plaintiffs' right to sue upon the note. It did not appear that the plaintiffs were at the time of the commencement of the action, or indeed, that they ever were, the *owners* of the note. The case did not even come up to that of *Beach* agt. *Gallup*, (2 *Code Rep*. 66,) where the allegation was, that the plaintiffs, when they brought their action, were the *lawful holders* of the note.

The only case cited by the defendant's counsel, which can be regarded as an authority in support of this demurrer, is that of *Thomas* agt. *Desmond*, (12 *How*. 321.) In that case, the action was brought to recover money alleged to be due from the defendant, upon a contract between him and third persons. The allegation of the complaint, to show the right of the plaintiff to bring the action, was, that he was then the *sole owner* of the demand. The learned judge before whom the case was brought, upon a demurrer to the complaint, was of opinion that the defendant had a right to be informed by the complaint, not only that the plaintiff was *the owner* of the demand, but *how he became* such owner, and the allegation was held to be insufficient, because no facts were stated, showing how it happened that the plaintiff was the owner of the demand. But it seems to me, that the material allegation was that which the complaint contained. If it was true that the plaintiff was the sole owner of the demand, he was entitled to maintain the action, however he may have acquired his ownership. The assignment or other evidence of his ownership, could only be material for the purpose of sustaining the principal allegation. If

Holstein agt. Rice.

the defendant had denied the allegation, he would have put the plaintiff to proof of his ownership. If he did not deny it, then he need not be informed how the plaintiff became such owner. The motion for judgment must be granted, but with liberty to the defendant to answer the complaint within six days, upon serving an affidavit of merits, and paying the costs of this motion.

NOTE.—It is a singular fact that the same cases to which Judge WELLES refers in the case of *Thomas* agt. *Desmond*, to sustain his opinion in that case, are ·referred to by Judge HARRIS, as sustaining the present opinion. Is there any difference in principle, considered as applicable to pleadings, in an allegation that "*he is the real party in interest*," and the allegation that "*he is the lawful holder and owner?*" They are not synonymous terms; but both are unquestionably *conclusions of law*. And are these allegations sufficient *under the Code*, without being accompanied by a statement of facts warranting their legal conclusions? That would seem to depend upon the actions to which they are applied.

For instance, in the case of an action upon a *promissory note* or *negotiable paper*, (to bearer or properly indorsed,) the allegation that the plaintiff is the lawful holder and owner of the note, without a statement of the facts as to how he became so, would seem to be sufficient, because the law implies the necessary facts from the character of the paper. That is, the law imports a valuable consideration as to the holder. And the allegation of lawful holder or owner, makes out a *prima facie* case. The plaintiff on the trial, may prove these facts on production and proof of the note itself.

Whereas, in regard to instruments or paper not negotiable, the allegations of the plaintiff being. the lawful owner, or the real party in interest, must be sustained by proof of facts *aliunde* the instrument declared on, and consequently the complaint must allege these necessary facts, to make out a *prima facie* cause of action. The law in such case imports nothing, as to the consideration or title in the holder. It is true, a *sealed* instrument imports a consideration, so far as to estop the grantor from alleging that it was executed without consideration; for every other purpose the consideration clause is open to examination, and may be varied by parol proof. If these views of pleading are correct, the case of *White* agt. *Brown*, (*supra*,) decided by Judge MULLETT, was incorrectly decided, and the case of *Thomas* agt. *Desmond*, (*supra*,) decided by Judge WELLES, and this case by Judge HARRIS, are both correct, though the latter for reasons somewhat different from those there given.—[REPORTER.]