## SUPREME COURT.

SAMUEL F. WITHERSPOON and others agt. JOHN H. VAN DOLAR.

An answer which denies that the plaintiffs are the owners and holders of the draft, is a simple denial of a legal conclusion, and is frivolous. (*See Holstein* agt. *Rice* and note, *ante p.* 1.)

A justice of this court *at chambers,* on an application for judgment on account of the frivolousness of the answer, has power under § 247 of the Code, to make an absolute or *conditional* order for judgment, *precisely as at special term.*

The power to hear the motion, necessarily includes the power to make such decision upon it as the court would make in term. Such an order or decision as the justice of the case requires.

Therefore, where it appears that the answer is put in, in good faith, and merits are properly stated and sworn to, *a new* or *amended answer* may be allowed upon terms.

*At Chambers, October,* 1857.

MOTION to strike out answer, and for judgment for the frivolousness of the answer. Action upon a bill of exchange, by the payees against the acceptor.

Witherspoon and others agt. Van Dolar.

The answer denied that the payees were the owners and holders of the draft, and alleged that it belonged to one Meachum; and in a second answer, set up deceit in the sale of the goods by said Meachum, for which the bill was drawn and accepted. The answer was sworn to, and was accompanied by an affidavit of merits.

G. H. HUMPHREY, *for plaintiffs.*
L. F. HOWE, *for defendant.*

E. DARWIN SMITH, Justice. The answer is clearly frivolous so far as relates to the denial that the plaintiffs are owners and holders of the draft. This has been so held in numerous decisions. It is considered in such decisions a simple denial of a legal conclusion ; and the second answer is bad also, as it sets up no matter of defence against the payee and holder of the draft. But if the matters stated in both answers were properly stated in one, showing, as the defendant claims, that the payees are mere agents of Meachum, for the collection of the bill, and have no beneficial interest therein, and that the draft was drawn and accepted before the fraud set up in the answer was discovered by the defendant, and that the suit is prosecuted for the sole benefit of Meachum, it would doubtless be a defence. The question then arises, whether I can allow the defendant to amend his answer, or must give judgment for the plaintiff, and drive the defendant to a motion at special term, to be let in to defend.

I cannot doubt the power of a judge at chambers, upon applications like this, under section 247 of the Code, to make an absolute or conditional order for judgment, *precisely as at special term.* The application may be made " to a judge of the court either in or out of court." The application is a *motion*—a motion which the legislature has authorized a judge to hear *out* of court, as well as *in* court—precisely like a motion to dissolve an injunction under section 225.

The power to hear the motion, necessarily includes, in my opinion, the power to make such decision upon it as the court

would make in term. Just such order and decision as the justice of the case requires. To hold otherwise, seems to me calculated to work many times much injustice, as well as needlessly to increase the burden of the court by a double hearing, in effect, of one motion, and also as objectionable as tending unnecessarily to multiply special motions, which now tax to so great a degree the time and attention of the court.

In a case like this, where the judge is satisfied that the answer was put in in good faith, and that the defendant really believes, upon the advice of counsel, that he has a good defence, and swears to merits upon such advice, I think the order for judgment should be *conditional* and should allow the defendant to put in a new or amended answer upon terms. There must be judgment for plaintiff in this case, with leave to defendant to amend his answer, or put in a new one within five days, on payment of $10 costs.