## TAMISIER a. CASSARD.

*Supreme Court, First District; At Chambers, December,* 1863.

FRIVOLOUS ANSWER.—REAL PARTY IN INTEREST.

An answer averring that plaintiff is not, but that A. B. is, the real party in interest in the action, is not frivolous.

Motion for judgment on an answer as frivolous.

This action was brought by Alfred Tamisier against Carolina Cassard and Andres Cassard, upon a promissory note for $263.81. The complaint alleged that it was indorsed by the payee to the plaintiff, and that he was the lawful owner and holder. The defendants answered, denying that the plaintiff was the owner and holder of the note, and averring that one Victor Giraudy was the real owner and holder thereof, and the real party in interest. Plaintiff moved for judgment on this answer as frivolous.

*Francis H. Dykers,* for the motion.—I. This answer is clearly frivolous. (Brown a. Ryckman, 12 *How. Pr.*, 313; Witherspoon a. Van Dolar, 15 *Ib.*, 266; Gilbert a. Covell, 16 *Ib.*, 34; Higgins a. Freeman, 2 *Duer*, 650; Flammer a. Kline, 9 *How. Pr.*, 216.)

II. The complaint, even if the allegation "that the plaintiff is the lawful owner and holder" was left out, would be sufficient. The answer creates no issue.

*William H. Meeks,* opposed.—I. An answer which denies a material allegation cannot be struck out as frivolous. (Davis a. Potter, 4 *How. Pr.*, 155; S. C., 2 *Code R.*, 99; Temple a. Murray, 6 *How. Pr.*, 329.)

II. An entire answer cannot be struck out as frivolous: plaintiff must demur. (Hull *a.* Smith, 1 *Duer*, 649; S. C., 8 *How. Pr.*, 149.)

LEONARD, J.—The Code directs that actions shall be prosecuted in the name of the real party in interest. (§ 111.)

The answer here alleges that one Victor Giraudy is the real party in interest in this action.

The plaintiff now moves for judgment, on account of the frivolousness of the answer.

The section above referred to makes it necessary that the plaintiff should be the real party in interest.

I cannot consider such an issue as frivolous. The plain direction of the Code must be disregarded, before the issue can be considered immaterial.

The motion is denied, without costs.