McCunn, J.
The answer does not deny the making of the note for value, its terms, its indorsement and delivery to the plaintiff before it became due, &c.
In the second part of the answer, for the purpose, as is supposed, of showing a want of consideration, the defendant has pleaded a number of “ understandings ” about stock, &c., but what connection they had with the making and delivery of the note does not appear.
Indeed, if anything can be inferred from the pleaded matter, it is that the note was given for the assignment of stock which was beneficial to defendant Schuyler, and which therefore constituted a consideration sufficient to hold the note.
The allegations in the answer that the note was not to be negotiated, and that defendant should have the right of returning said stock, &c., are frivolous, because the terms of the note are admitted in the answer, from which the court can see it was negotiable; and no agreement that James Plant should take a reassignment of the stock in payment of the note, is alleged. Moreover, the pleadings show that the note was- payable in money, and it is clear that all such agreements or understandings, if made, would be void (Edw. on B., 147).
Again, there was no tender or offer to pay the note by a reassignment of the stock or otherwise ; on the contrary, *149 it appears that the defendant refused to pay the same in any manner. The allegations in the answer, on information and belief, “that the plaintiff is not the bona fide owner and holder of said note; that he did not receive the same in the usual course of business, nor advance any new or full consideration therefor; that James Plant is the party in interest,” &c., are all frivolous. The answer does not deny the facts constituting ownership in the plaintiff. The conclusions only of the defendant are pleaded. This is bad pleading (Russell v. Clapp, 4 How. Pr., 347.
The allegation that the plaintiff is not the owner and “holder of the note, and that A. B. is, creates no issue, and amounts to a mere traverse not recognized by our practice” (Brown v. Ryckman, 12 How. Pr., 313 ; Adams v. Holley, Id., 326 ; Seeley v. Engell, 17 Barb., 530). And it is not denied in the answ-er that the plaintiff advanced consideration for the note; therefore these denials or allegation of conclusions are frivolous (Witherspoon v. Dolan, 15 How. Pr., 266 ; Hollister v. Rice, Id., 1; Tompkins v. Acer, 10 Id., 309).
It seems to me that the denial following such allegations in the answer “of all matters inconsistent with the answer,” is merely a reaffirmance, or repetition of the matters previously pleaded.
I hold, therefore, that the matters pleaded are entirely insufficient to constitute a set-off to the note.
There is not a single fact pleaded, showing that James Plant ever became indebted to String-field. The mere statement of the conclusion that Plant so became indebted is insufficient (Van Schaick v. Winne, 16 Barb., 95; Myers v. Machado, 14 How. Pr., 149).
Again, it does not appear that the assignment to Schuyler was made before the note to plaintiff, and therefore it cannot be allowed as a set-off to the note (2 Rev, Stat., 450, 451, 3 ed.).
Judgment must be ordered on the pleadings for the plaintiff.