Barrett, J.
I. The answer is demurrable. It attempts to set up new matter; that is, matter which could not be proved under a denial nor unless set up (Jackson v. Whedon, 1 E. D. Smith, 142; Savage v. Corn Ex. Fire Ins. Co., 4 Bosw. bottom of p. 15, and top of p. 16).
II. And it is bad on demurrer, for the reason that no fact is stated—nothing but a conclusion of law. The action must of course be prosecuted in the name of the real party in interest, but whether it is so prosecuted depends upon the facts (Russell v. Clapp, 3 Code R. 65; Bentley v. Jones, 4 How. Pr. 204 ; Brown v. Ryckman, *135 12 How. Pr. 314; Witherspoon v. Van Dolar, 15 How. Pr. 266). There may be a question when ownership in another is pleaded (see Holstein v. Rice, 15 How. Pr. 1 and note), enough certainly to put the plaintiff to his demurrer; which is all that was held in Tamisier v. Cassard, 17 Abb. Pr. 187. None, however, where the averment is limited to the phraseology of the Code.
Judgment for the plaintiff on the demurrer with costs, and with the usual leave to the defendant to amend his answer within twenty days, upon payment of such coste.