MARCUS HELFAND, as Trustee in Bankruptcy of HARSOL COSTUME CO., INC., Respondent, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.

First Department, July 1, 1921.

Parties — action by trustee in bankruptcy — order staying proceedings until security for costs given — motion to substitute bankrupt as plaintiff after composition and to vacate order requiring security should not have been entertained — motion to dismiss complaint not before court — failure to give notice required by Code of Civil Procedure, § 768.

Where, in an action by a trustee in bankruptcy of a domestic corporation, an order has been made requiring him to give security for costs and staying all proceedings on his part, except to review or vacate the order, until

said security shall be given, the court should not entertain a motion by the trustee before security was given for the substitution of the bankrupt as plaintiff and to vacate the order requiring security, which was made on the grounds that the bankrupt had made a composition with his creditors and that the trustee had assigned the claim in suit with other assets to the bankrupt, and that as the latter was a domestic corporation, the defendant could not require it to give security for costs, for the motion was clearly in violation of the stay.

Joining with the motion for substitution a motion to vacate the order requiring security did not excuse the violation of the stay, for the right to move to vacate the order, which was reserved from the stay, related to such a motion upon facts which would show that the order should not have been granted in the first instance, while the motion which was made did not question the validity of the order, but was made entirely upon the substitution of the new party, and, therefore, was ancillary to the granting of that motion.

If the bankrupt corporation desires to be substituted in this action, it must come into the case with the burden of and subject to all prior valid orders of the court and must, therefore, give security for costs.

The request made by the defendant in its affidavit in opposition to the motion, that the complaint be dismissed, which was renewed before the Appellate Division, was not properly before the court since the defendant did not comply with section 768 of the Code of Civil Procedure requiring at least three days' notice by an opposing party where he intends to move for a specified relief upon the hearing of the motion.

GREENBAUM and SMITH, JJ., dissent, with memorandum.

APPEAL by the defendant, Massachusetts Bonding and Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1921, granting plaintiff's motion to vacate an order for security for costs, permitting service of an amended complaint without security for costs and denying defendant's motion to dismiss the complaint for failure to furnish security for costs.

*Albert J. Rifkind* of counsel [*Thomas T. Reilley* with him on the brief; *Rifkind, Reilley & Schwinzer,* attorneys], for the appellant.

*Alex Davis* of counsel [*David Goldstein* with him on the brief; *Goldstein & Goldstein,* attorneys], for the respondent.

PAGE, J.:

The plaintiff, a trustee in bankruptcy of the Harsol Costume Co., Inc., brought this action to recover on a policy of burglary insurance for a loss sustained by the bankrupt prior to the institution of the bankruptcy proceedings. The defendant immediately applied for and obtained an order requiring the plaintiff to give security for costs and staying all proceedings on the part of the plaintiff and his attorneys, except to review or vacate the order until such security was given. The plaintiff's attorneys obtained several extensions of time to comply with the order, the last of which expired on May 5, 1921. On May 2, 1921, the plaintiff obtained an order to show cause why the Harsol Costume Co., Inc., should not be substituted in place of the plaintiff, and why the order for security for costs should not be vacated. The grounds of this motion were that the said corporation had made a composition with its creditors, and the trustee in bankruptcy, pursuant to an order of the United States District Court, had assigned the claim with the other assets of the said corporation to it, and that as the latter was a domestic corporation, the defendant could not require it to give security for costs. The motion was granted, and from the order this appeal was taken.

The court should not have entertained the motion, as it was clearly in violation of the stay. The action could have been continued by the original party, as the transfer was made after action brought. (Code Civ. Proc. § 756.) The motion was, therefore, one for favor and not of right. Joining with the motion for substitution of party a motion to vacate the order requiring security did not excuse the violation of the stay; for the right to move to vacate the order, which was reserved from the stay, related to such a motion upon facts which would show that the order should not have been granted in the first instance. The motion which was made did not question the validity of the order, but was based entirely upon the substitution of the new party, and, therefore, was ancillary to the granting of that motion. Orders when made must be obeyed, or the penalties for disobedience enforced. If the trustee, because of a transfer of the claim did not desire further to prosecute the action, he could suffer a dismissal of the complaint or give the security and then

move for substitution. If the complaint were dismissed and an action commenced by the corporation, it might be that it could not be required to give security for costs; but if it desires to be substituted in this action, it must come into the case with the burden of and subject to all prior valid orders of the court.

The defendant's attorney at the end of his affidavit in opposition to the motion asked that the complaint be dismissed, and renewed his application in this court. The Code of Civil Procedure (§ 768) provides that the adverse party may, at least three days prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party a notice that he will move for a specified relief upon the hearing of the motion. As the defendant has not complied with this requirement it cannot be granted relief on the plaintiff's motion nor on this appeal.

The order will be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., and DOWLING, J., concur; SMITH and GREENBAUM, JJ., dissent.

GREENBAUM, J. (dissenting):

Inasmuch as the order granting defendant's motion for security provided " that all proceedings on the part of the plaintiff and his attorneys are hereby stayed except to review or vacate this order," I do not think that the motion to vacate the stay coupled with one to substitute the bankrupt as a party plaintiff constituted a violation of the order staying plaintiff's proceedings. It is apparent that the two motions are intimately related to each other since the reason for moving to vacate the stay was based upon the fact that the plaintiff was no longer interested in the subject-matter of the action and the real party in interest was the bankrupt, to which the claim had been reassigned by order of the Federal court in which the bankruptcy had been pending.

The court which heard the motion was of course cognizant of the stay and in my opinion properly approved of the practice of moving to set aside the stay as a condition precedent for considering the further motion for substitution.

Of course, two separate motions could have been made, but why should that be necessary when the same result can be accomplished in a simple manner upon a single motion?

I think the order appealed from should be affirmed.

SMITH, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.