ROBERT L. WILLEY, Formerly Known as ROBERT L. KELLY, Respondent, *v.* CAMERON, MICHEL & CO., INC., Appellant.

First Department, July 6, 1926.

Pleadings — motion to dismiss complaint for insufficiency — affidavit by defendant on motion by plaintiff to vacate notice of examination of plaintiff before trial considered by Special Term as motion to dismiss complaint — while under Civil Practice Act, § 117, cross-motion may be necessary, sufficiency of complaint will be determined on appeal — action in conversion — defendant held stock as collateral to notes with privilege of sale without notice on default in payment of notes — no allegation that stock was not sold under agreement before demand and that there remained overplus — allegation in answer that plaintiff had assigned claim would constitute good defense if complaint were good — statement that contract was rescinded for failure of plaintiff to perform is insufficient as defense.

The affidavit of the defendant, in answer to a motion to vacate a notice for plaintiff's examination, suggested that the amended complaint be dismissed for insufficiency and the court treated the affidavits as bringing on a motion to dismiss the complaint, and the order entered denied defendant's motion to dismiss the complaint on the ground of insufficiency. While, under section 117 of the Civil Practice Act, it would seem that a cross-notice of motion to dismiss was essential, still, in view of the fact that the sufficiency of the complaint was passed on by the Special Term, and that the parties desired to have the Appellate Division consider the same question, and since plaintiff's motion to strike out defenses may be considered as in the nature of a demurrer, searching the record, the Appellate Division passes upon the sufficiency of the complaint.

This action was brought in conversion to recover an overplus alleged to have been converted by the defendant, who held stock as collateral to notes under an agreement authorizing it to sell stock without notice on default in payment of notes. The complaint is insufficient in that it fails to allege that the stock was not sold under the terms of the agreement and prior to a demand made by the plaintiff, and in that it fails to allege that there was an overplus above the amount due the defendant on the notes.

An allegation in the answer that the plaintiff, prior to the commencement of the action, had assigned the alleged cause of action to another, is new matter and would constitute a good defense if the complaint were good.

A statement in the answer that part of the stock was bought pursuant to an agreement by which, if the plaintiff should fail to pay for it as agreed, " the said contract and agreement should be waived, abandoned and rescinded," that there was such failure, and that thereafter said contract was waived, abandoned and rescinded, does not constitute a defense to the action.

APPEAL by the defendant, Cameron, Michel & Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of September, 1925, denying defendant's motion to dismiss the amended complaint on the ground that it

fails to state facts sufficient to constitute a cause of action, and granting plaintiff's motion to strike out the separate defenses set up by the defendant and vacating the notice for examination of the plaintiff as an adverse party before trial.

*Aaron H. Marx* of counsel [*Walter E. Godfrey* with him on the brief; *Godfrey & Marx,* attorneys], for the appellant.

*Arthur Ofner* of counsel [*George J. McDonnell* with him on the brief; *McDonnell & Lebett,* attorneys], for the respondent.

MARTIN, J. The defendant appeals from an order which, in addition to striking out its three defenses for insufficiency, purports to deny a motion to dismiss the complaint for failing to state facts sufficient to constitute a cause of action. The appellant failed to make a formal motion to dismiss the complaint or for any other relief. Affidavits, however, were filed in connection with an application to vacate a notice for plaintiff's examination. The defendant's answering affidavit suggested that the amended complaint be dismissed for insufficiency. That this was treated by the court as bringing on a motion to dismiss the complaint made by the appellant is shown by the order.

The plaintiff calls attention to *Helfand* v. *Massachusetts Bonding & Ins. Co.* (197 App. Div. 759), which in a similar connection indicates (at p. 762) that under the Code of Civil Procedure (§ 768) a cross-notice of application to dismiss the complaint was essential. That provision of said section 768 has been carried into the Civil Practice Act as section 117. In view of the fact, however, that the sufficiency of the complaint was considered by the Special Term and there passed on, it would seem to be to the interest of all concerned that this court on the present appeal review that decision. Otherwise it would be necessary to make a disposition as to the complaint which would have no effect but to require another motion and another appeal to bring up for consideration in this court the sufficiency of plaintiff's pleading. That this question should in the present instance be considered now is also suggested by the fact that plaintiff's application directed to the defenses is in the nature of a demurrer, searching the record. (Carmody's N. Y. Practice, § 246.) We can hardly fail to be influenced as well by the policy indicated in the Rules of Civil Practice, rule 112, relating to motions for judgment on the pleadings, to have an order entered where the sufficiency of a pleading is necessarily to be determined, though such determination be reached in the course of considering an application for an order of opposite import. *Hale* v. *Hirsch* (205 App. Div. 308) is not to the contrary.

The amended complaint contains two counts which may for present purposes be regarded as identical. It is alleged that, defendant having purchased stock for plaintiff, he delivered to it in payment notes which finally became due on November 14, 1924. The stock was deposited as collateral with power to defendant, in case of non-payment of the notes at maturity, to sell them at private sale without notice, " returning the overplus " to the plaintiff. It may be fairly gathered from the pleadings that on December 11, 1924, when plaintiff demanded the proceeds of the sale of the stock after payment therefrom of his indebtedness, the prevailing price was such that there would be something left for him. It is alleged that defendant refused to comply with such demand, coupled with one that the stock be sold in the event that defendant had not previously sold it; and that defendant has appropriated the stock or the proceeds of the sale thereof to its own benefit. The action is not brought for an accounting; and, while it is not alleged that plaintiff performed on his part, it is insisted that the two counts he pleads are sufficient on the theory of conversion.

Whatever may be his theory, the difficulty is that the allegations of the complaint do not show that there must have been on December 11, 1924, something left over for him if defendant had previously paid the debt out of the stock deposited to secure the notes. It is alleged that no notice of sale of said stock was ever given to plaintiff; but there is nothing which points to a conclusion that it was not sold between the extended date of maturity of the notes, November 14, 1924, and the date of the demand alleged to have been made on December 11, 1924. As far as the complaint shows, it might not in that period have been salable for as much as plaintiff's indebtedness.

The complaint, therefore, is insufficient, not being for an accounting and not stating facts leading to a conclusion that there was some amount or value which defendant failed to pay to or took from plaintiff.

It is advisable also to refer to the defenses. The first is to the effect that plaintiff, prior to commencing this action, assigned his alleged causes of action to one Mary A. Kelly. At Special Term it was thought that this was not a statement of new matter, but it was in the nature of denial. If plaintiff has any claim it is one which originated as his and there is nothing in the complaint to suggest that he has parted with it. It will be presumed from what he alleges that it is still his. Under such circumstances it is the practical course to regard allegations of fact to show he does not continue to be the owner as new matter to be pleaded.

This is not a case where plaintiff is suing on a claim such as he must have acquired, if at all, from another.

In *Smith* v. *Hall* (67 N. Y. 48, 50) the court said: " The defendant's counsel offered to prove that the plaintiff did not own the claim in suit. Objection was made that this was not set up in the answer and the court sustained the objection. This ruling was, we think, correct."

In *Owen* v. *Sell* (13 Misc. 272, 274) the court said: " Except in a case where the plaintiff is required to establish ownership as an essential element of his cause of action, proof that he is not the real party in interest cannot be given under a general denial."

In *Wenk* v. *City of New York* (82 App. Div. 584) Judge BARTLETT said: " In the fourth and last defense, the sufficiency of which is questioned by the demurrer, it is alleged that ' the plaintiff is not the real party in interest, and there is a defect of parties, and that the City of New York, as trustee for the inhabitants of the former Town of Jamaica, now the Fourth Ward of the Borough of Queens, of the City of New York, is the real party in interest, but is not made a party hereto.' This allegation is not sufficiently specific to raise an issue as to the right of the plaintiff to maintain the action. Mr. John Norton Pomeroy, who is perhaps the ablest text writer on American Code Procedure, says on this subject: ' The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect is not enough; the facts must be stated which constitute the defence, and which show that he is not the real party in interest.' (Pomeroy Rem. & Rem. Rights, § 711.) We are not referred to any case in which this question has been passed upon by any appellate court in this State, but there are many Special Term decisions, by judges of ability and distinction, which support the doctrine thus stated by Mr. Pomeroy. It is sufficient to refer to *White* v. *Drake* (3 Abb. N. C. 133), decided by Mr. Justice BARRETT at Special Term in New York County, and the cases therein cited."

In *Van Dyke* v. *Gardner* (21 Misc. 542) a *per curiam* opinion said: " Under the issues framed by the pleadings, defendant could not show that the plaintiff was not the real party in interest, as he failed to allege facts necessary to raise such an issue."

In *White* v. *Drake* (3 Abb. N. C. 133) it was held that such a defense could not be proved unless pleaded.

The first defense would be sufficient if the complaint were good.

The second defense is directed to plaintiff's first count. It sets up that part of the stock was bought pursuant to an agreement by which, if plaintiff should fail to pay for it as agreed, " the

said contract and agreement should be waived, abandoned and rescinded;" that there was such failure; and that "thereafter and in accordance with the said agreement, said contract was duly waived, abandoned and rescinded accordingly."

This might possibly be considered to show that, under the terms agreed to and the circumstances which developed, defendant had a right to consider the contract terminated. But the allegations of this defense lead nowhere. It has no value to indicate what defendant's stand is. The allegation last quoted above, without there being indicated any action or position taken on defendant's part, is a mere conclusion and, moreover, too indefinite to set up the gist of what defendant would rely on as a defense.

To a complaint which virtually shows plaintiff failed to pay his indebtedness and which attempts merely to set forth some kind of a claim for the surplus of collateral, if any, it is futile to plead that, though the defendant may have been fully paid, the "contract was duly waived, abandoned and rescinded." If the collateral was in part applied to the debt, this is no answer to a demand for the surplus. If it was not, defendant asserting other rights as a result of plaintiff's default, something more should be alleged to show what its claim is in that respect. In this connection the affidavits cannot be considered.

The third statement by way of defense, relating to another block of stock set forth in almost identical language, is insufficient for the same reasons.

The view taken above, that the complaint is insufficient, renders it unnecessary to further refer to the notice for plaintiff's examination.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the amended complaint granted, with leave to the plaintiff to serve an amended complaint within twenty days from service of the order to be entered hereon upon payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss amended complaint granted, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.