# West Chicago Street R. R. Co. v. Patrick McNulty.

1. Negligence—*Passengers on Street Cars Riding Outside.*—As a matter of law it is not necessarily negligence for a passenger on a street car to stand and ride upon the foot board, holding onto the railing, where the cars are crowded, etc.

2. STREET CAR COMPANIES—*Diligence as to Persons Riding Outside.* —So long as carriers of passengers in crowded cities tolerate and encourage the practice of passengers standing and riding upon the foot boards outside of their vehicles (street cars) the rule of law which demands the highest degree of diligence on the part of the carrier must not be relaxed.

3. ORDINARY CARE—*Exercise of, by Persons in Peril.*—A person in danger is not bound to act with unerring diligence and wisdom in making his choice of which to do; it is sufficient if he does that which would ordinarily have been done under like circumstances by an ordinarily careful person.

4. QUESTIONS OF FACT—*Negligence.*—It is a question of fact for the jury whether a street car company is guilty of negligence in managing its trains, in the presence of danger known to its agents to exist from such facts as the apparent drunkenness of the driver of a wagon in the crowded street.

5. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question as to whether a person at the time of receiving an injury was guilty of contributory negligence is one for the determination of the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

WM. DEVER and KAVANAGH & O'DONNELL, attorneys for appellee.

It is not negligence even for a person to sit down or stand up and ride upon the steps of a steam railway car where the danger is infinitely greater than upon a cable car.   C. & A. R. R. v. Fisher, 38 Ill. App. 33.

Nor for a passenger to ride, in some cases, upon the footboard of a locomotive engine.   L. S. & M. S. R. R. v. Brown, 123 Ill. 173.

A passenger does not owe a duty to the railroad company to push and crowd his way in order to get an advantage over other persons within the car, and it does not follow, as a matter of law, that he is guilty of negligence for not so doing.   C. & A. R. R. v. Fisher, 141 Ill. 614.

It is not negligence for a passenger to stand upon the platform or foot-board of a street car.   Meesel v. Railroad Co., 8 Allen (Mass.) 234; Railway v. Waling, 97 Pa. St. 55; see also Burns v. The Railway Co., 50 Mo. 319; Maguire v. Middlesex Railroad Co., 115 Mass. 239; Clark v. Railroad, 36 N. Y. 135; Railroad v. Ranz, 55 Ga. 126; Railway v. Boubrou, 92 Pa. St. 476; Railroad Co. v. Wilson, Montreal L. R., 5 Q. B. 340; 23 Am. and Eng. Ency. of Law, 1005.

Mr. Justice Shepard delivered the opinion of the Court.

The amended declaration filed in this cause consisted of four counts, and alleged: First, that on the 5th day of July, 1892, the plaintiff (appellee) became a passenger on one of the defendant's Milwaukee avenue cable cars, and that while he was in the exercise of due care and diligence for his safety, the car upon which he was riding was, by reason of the negligence of the defendant's servants, caused to collide with a certain wagon or vehicle, whereby the plaintiff was struck and thrown with great violence from the car.   Second, that the defendant's servants negligently failed to notify and warn the plaintiff of the danger and proximity of the wagon. Third, that the defendant's servants negligently failed to manage and control said cars so as to prevent a collision, and carelessly continued to operate said train at a great rate of speed.   Fourth, that the defendant negligently allowed the plaintiff to be thrown on the pavement of the street and dragged a great distance.

At the trial the jury returned a verdict in favor of the plaintiff and assessed his damages at the sum of twenty-five hundred dollars.

This appeal questions the correctness of the judgment entered upon such verdict.

There appears to be no dispute about the fact that from the time the appellee boarded the car until the accident happened, he stood and rode upon the foot-board that ran lengthwise upon the right-hand side, in the direction it was moving, of an open car, and that he so stood and rode for a distance of about four blocks.   The train was composed of

APPELLATE COURTS OF ILLINOIS.

two cars called trailers, and a grip car, and appellee was standing on the foot-board and toward the rear end of one of the trailers.

In the course of moving along the train overtook a team and wagon going in the same direction, and driven, as the gripman testified, by one who seemed to be intoxicated, and who kept zigzaging in and out of the track just ahead of the train.

Finally, the wagon pulled out, and as the train was passing, the hub of one of the wagon wheels scraped along the foot-board, and the appellee was struck by it and injured.

One of his legs was broken, and he received other injuries.

There was evidence that other wagons were standing near the street curb, and that there was not space enough between them and the train for the wagon in question to be got out of the way of the cars; and there is other evidence from which it might be inferred that because of the driver's drunkenness or carelessness, he heedlessly swung his wagon against the moving train.

There was evidence that the train was crowded, that all the seats were occupied, and that the aisles between the seats and the platforms were crowded. Appellee testified that he saw the car was crowded. If there was a safe position on the car for him to stand, nobody in charge of the train pointed it out or suggested it to him, and it is plain from his testimony that he did not know of any such place.

We may not say that, as a matter of law, for a passenger to ride in the place appellee did, and that he stood there facing the inside of the car and holding to the railing, was negligence. C. W. D. Ry. Co. v. Klauber, 9 Ill. App. 613.

So long as passenger carriers in a crowded city tolerate and encourage such methods of transportation of persons, the rule of law which demands the highest degree of diligence on the part of the carrier must not be relaxed.

The evidence on the part of appellant was, that the train was moving four or five miles an hour when the emergency signal to stop was given, while that on the part of the appellee was that it was moving at full speed.

It is difficult to understand how, even with the train moving at the lowest speed testified to, a person standing upon the foot-board could have jumped off with safety in the presence of a wagon crowding against the train.    It is probable from the evidence, that appellee did not see the peril he was in until he heard some one call out to "look out," and it seems to be certain that he was struck at about the same instant of time.

Counsel for appellant say, "If he had attended to his safety with ordinary prudence, he would have been able to avoid the injury as the other passengers did." The record does not disclose what was done by other passengers, nor does counsel say what appellee should have done. But though with nothing before us except the description of the occurrence, we might see ways to avoid what did happen to appellee, he was not bound to act with unerring diligence and wisdom in making his choice of what to do. All that was required of him to do was that which would ordinarily be done under like circumstances by an ordinarily careful person. The instinct of self-preservation will ordinarily prompt one in danger to act quickly and in his best judgment at the moment, but it is not required as a matter of law that he should make no mistake in what he does when so confronted.

At one time and under one set of circumstances, it might as matter of fact be more prudent for a passenger to jump from a moving car than to remain on it, but the law imposes no duty one way or the other about it.    What is or is not negligence, is always a question of fact under all the surroundings of the situation.

And so here, it was a question of fact for the jury to determine whether the appellee himself was guilty of contributory negligence, either in riding where he did, or in his conduct after the peril became known to him.

And so it was also a question of fact for the jury, whether the appellant negligently managed its train in the presence of the danger known to its agents to exist from the apparent drunkenness of the driver of the wagon, and in the crowded condition of the street.

The appellee had the right to assume that the train would be so managed as to make it safe for him to stay on it even though he had noticed the circumstance of the peculiar driving of the team. That was a matter the gripman had full observance of, and it behooved him in the proper discharge of his duty to so manage the train as that the wagon should be passed in safety to the passengers. Whether the train was managed negligently or not, and whether the appellee was guilty of contributory negligence or not, were questions that the jury decided adversely to the appellant, and which we can not review.

Fault is found with the following instruction, given at the request of appellee:

"The court instructs the jury, the plaintiff as a passenger was not required by law to exercise extraordinary care or manifest the highest degree of prudence to avoid injury. All the law required of him, while traveling as a passenger, was that he should exercise ordinary care and prudence for his safety, such as ordinarily careful persons would exercise under the same circumstances as those shown in the evidence."

And it is said that the two clauses of the instruction are in conflict with each other.

We do not so regard the instruction. It is the law that a passenger is not required to exercise extraordinary care for his own safety, and that all that is required of him is that he should exercise such ordinary care and prudence as ordinarily prudent persons would exercise under like conditions.

We regard the form as fully justified by what is said in C. & A. R. R. Co. v. Fisher, 141 Ill. 614 (p. 624). The appellant requested the following instruction, and because the court struck out the portion that is italicized, it is claimed that reversible error was committed.

"10. The jury are instructed as a matter of law that ordinary care and prudence is the exercise of that care which every person of common prudence bestows upon his affairs and concerns, *and a person of ordinary prudence bestows the*

*highest degree of vigilance and care upon his own affairs when danger surrounds him, or he apprehends impending disaster.* The plaintiff was bound to exercise that degree of care, and if by that degree of care on his part the accident might have been avoided, the plaintiff can not recover in this case."

The instruction as requested asked too much. There was no evidence that the appellee had reason to apprehend disaster to himself until the very instant he was struck by the wagon. And as we have already seen, he was not called upon under such circumstances to do more than would be ordinarily done by an ordinarily prudent person under the same conditions as surrounded him.

The alleged error in modifying the special interrogatory that was submitted to the jury does not appear to us to be well founded. If needed to be given at all, the interrogatory should have been modified as was done, so as to present to the jury a question that was involved in the case. The question was not whether the appellee might not have removed himself from the car, but was, being there, could he have avoided the injury by ordinary prudence.

As to the amount of damages, the jury heard the evidence as to the extent of appellee's injuries, and seem to have exercised reasonable judgment in the award that was made. We find no material error in the record, and the judgment is affirmed.