Hagerstrom v. West Chicago Street R. R. Co.

---

## Oscar Hagerstrom, by his Next Friend, etc., v. West Chicago Street R. R. Co.

1. ORDINARY CARE—*Persons in Peril.*—A person, in the presence of imminent danger to his person, is not required to act with all the care and caution that might reasonably be required of him under ordinary circumstances, and it is for the jury to say whether he acted with undue rashness in his attempts to escape from the known peril that confronted him.

2. PRACTICE—*Taking the Case from the Jury.*—In an action for personal injuries, the question of whether there was contributory negligence by the person injured is one of fact for the jury and not of law for the court; where the evidence shows such a degree of contributory negligence on the plaintiff's part as would require the court to set aside any verdict he might recover, it would be proper to take the case from the jury.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

A. B. CHILCOAT and BLACK & FITZGERALD, attorneys for appellant.

" Persons under imminency of peril may not be required to exercise all the presence of mind and care ' of a prudent, careful man,' with impending danger. The law makes allowance and leaves the circumstances to the jury to find if the party acted rashly and under an undue apprehension of danger." Galena and Chicago Union Railroad Company v. Yarwood, 17 Ill. 509.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellee.

" When a party seeks to recover damages for a loss which has been caused by negligence or misconduct, he must be able to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury, and the burden of proof is upon the plaintiff to show, not only negligence on the part of the defendant, but also that he exercised proper care and circumspection, or, in other words, that he was not guilty of negligence." Cothran v. Ellis, 125 Ill. 496; Comm. Ins. Co. v. Scammon, 123 Ill. 605; Hinckley v. Horasdowsky, 133 Ill. 364; Bartelott v. Int. Bank, 119 Ill. 271, 272; Simmons v. R. R. Co., 110 Ill. 346; Ry. Co. v. Coble, 113 Ill. 117; Frazer v. Howe, 106 Ill. 573, 574; Ry. Co. v. O'Connor, 115 Ill. 261; R. R. Co. v. Adler, 129 Ill. 339; People v. Ins. Ex., 126 Ill. 468, 469; Randall v. R. R. Co., 109 U. S. 478.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This was a suit by appellant to recover for personal injuries sustained by him.

At the conclusion of plaintiff's case, the court took the case from the jury by a peremptory instruction to find for the defendant, and a verdict being so returned and judgment rendered thereon, this appeal is prosecuted.

The facts shown are that the plaintiff, then twelve or thirteen years of age, when returning from school jumped upon a projection from the rear end of one of the defendant's street cars, and while hanging on, as he testified, rode about the length of the car, when the conductor came out and spit at him and " made a punch " at his face, whereupon he jumped off. At that instant another car, drawn by horses on a parallel track, was approaching from the direction opposite to that in which the car upon which he was riding was going, and as he jumped off he staggered and ran upon the other track, or close to it, and was struck by the approaching horses, knocked down, and most severely hurt.

It was an instance of what boys call " hitching," and it is not denied that appellant was a trespasser when upon the car.

The appellee insists that the evidence in behalf of the appellant shows that the injury was attributable to the contributory negligence of the appellant to such an extent as to preclude a recovery.

The question of whether there was contributory negligence by the person injured, is, as is the question of whether the one doing the injury was guilty of negligence, one of fact for the jury, and not one of law for the court. Of course, if the case as made by the plaintiff showed such a degree of contributory negligence by him as would require the court to set aside any verdict which he might recover, then it would be proper to take the case from the jury.

But a careful consideration of the testimony makes it quite clear that there was evidence tending to establish due care on the part of the plaintiff.

A person in the presence of imminent danger to his person is not required to act with all the care and caution that might reasonably be required of him under ordinary circumstances, and it remains for the jury to say whether he acted with undue rashness in his attempt to escape from the known peril that confronted him. Dunham T. and W. Co. v. Dandelin, 143 Ill. 409; West Chicago St. Ry. Co. v. McNulty, 64 Ill. App. 549.

We do not discover in appellee's brief that any serious question is made but that there was evidence tending to establish negligence on the part of appellee.

On the question of whether, under the proved facts, the appellee was guilty of negligence, we refer to North Chicago St. Ry. Co. v. Gastka, 128 Ill. 613, which is almost precisely in point.

The judgment of the Superior Court will accordingly be reversed and the cause remanded.