Chicago City Ry. Co. v. Cooney.

---

## Chicago City Ry. Co. v. Ellen Cooney.

1. INJURIES—*Efficient and Concurring Causes.*—Where the negligence charged was the cause—and an efficient cause—of the injury complained of, and some other act was also a concurring cause, such concurring cause does not operate to free the defendant from liability for negligence.

2. SAME—*Aggravated by Improper Treatment by Medical Attendants.*—In a suit for a personal injury against a street car company where the negligence of the company is the direct cause of the injury, and it was aggravated by improper treatment by medical attendants, through no fault of the injured party or lack of care on her part in selecting attendants, the mere fact of such aggravation will not preclude a recovery for the injury.

3. TRIALS—*Improper Remarks of Trial Judge.*—Remarks of the trial judge in the presence of the jury, calculated to lead the jury to believe that the court attached no importance to the evidence, is improper.

4. VERDICT—*What a Sufficient Return.*—It is a sufficient return of the verdict that the writing signed by the foreman is announced in open court in the presence of all the jurors, and not necessary that it be signed by all the jurors.

5. DAMAGES—*$2,500 Not Excessive.*—In a personal injury case where injured party was two months in the hospital, walked on crutches for four years and her recovery is a matter of doubt, a verdict for $2,500 is not excessive.

Action on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 20, 1901.

**Statement.**—This suit was brought by appellee, Ellen Cooney, to recover damages sustained by her through negligence of appellant, a common carrier, while appellee was its passenger.

The evidence discloses that an electric car of appellant upon which appellee was a passenger, while traveling north on the easterly of appellant's two tracks on Clark street, in the city of Chicago, came in collision with a load of iron pipes which were upon a wagon owned by J. H. Burke and driven by James Downey. The pipes projected beyond the end of the wagon. The team driven by Downey was backing the wagon down an inclined way from a building upon the west side of Clark street. The wagon was thus backed at right angles to and across the west of appellant's tracks, so that the projecting pipes extended over to the east tracks upon which the electric car in question was traveling, and were brought into contact with the car. Appellee, seeing the danger and believing that a collision was about to occur, left her seat on the west side of the open car, nearest to the wagon, and attempted to get off the car on the east side. In so doing she fell, or was thrown by the motion of the car, upon the street and was injured.

Whether the pipes were driven into the car by the backing of the wagon, or the car ran into the pipes as they projected over the track, is a matter of controversy. The negligence charged against appellant is in either case that the motorman who was operating the car might, and in the exercise of ordinary care should, have seen the wagon backing toward the car tracks and should have stopped the car to avoid the collision.

The suit was originally begun against appellant, Downey, the driver, and Burke, the owner of the wagon. At the trial and after Downey had testified as a witness for appellee, the suit was discontinued as to Downey on motion of appellee. The jury returned a verdict finding Burke not guilty, finding appellant guilty, and assessing appellee's damages at $2,500.

Chicago City Ry. Co. v. Cooney.

The following, among other instructions, was given to the jury:

" 8.    While it was the duty of plaintiff to employ such medical attention as ordinary prudence in her situation required, and to use ordinary judgment and care in doing so, and to select only such as were of at least ordinary skill and care in their profession, yet if she exercised such judgment and care, then and in case (as provided in the other instructions) you find her entitled to recover, you may take into consideration all injuries and impairments, if any, which directly resulted from the occurrence in question, even though they resulted in whole or in part through mistakes of some one or of any of her medical attendants; this liability that a medical attendant (provided ordinary care was used in his selection) may make mistakes or errors, is by you (but as limited by above provisions) to be considered as part of the immediate and direct damages resulting from the occurrence in question."

The trial court made the following remarks in the presence and hearing of the jury, to which counsel for appellant preserved exceptions.    There was a conflict in the evidence as to appellee's condition of health prior to the injury in question.    Counsel for appellant was inquiring as to medical treatment and the taking of medicines by appellee previous to the injury.    The witness, appellee, had answered, " I generally take a little medicine in the spring-time." Counsel asked, " During several different years ?" and appellee answered, " Several different years."

Court:    " I am afraid I shall have to interpose an objection myself if you are going to take up the time of the court with immaterial matter.    You might as well ask her if she did not get up in the morning during the several different years."

Counsel for appellant:    "I except to that.    If this woman is coming here claiming that her condition is the result of some fault of defendant, and that her health has always been good, when she swore in her deposition and upon this stand that she has taken this medicine, I think it is very competent and material, and I think it is very hard for the court to interject that comparison that she got up in the morning."

Court:    " She said she generally took a little medicine

in the spring. That does not prove her health was not good."

Counsel for appellant: "Yes, it does; your honor."

Court: "I don't see how it can. Thousands of people do that."

To all of which counsel for appellant saved an exception.

An amended count was filed more than two years after the time of the injury, and appellant interposed the plea of the statute of limitations to this count. Appellee demurred to the plea and the court sustained the demurrer.

The written verdict returned in open court by the jury was signed by the foreman only.

WM. J. HYNES and S. S. PAGE, attorneys for appellant; MASON B. STARRING, of counsel.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the court erred in sustaining appellee's demurrer to the plea of the statute of limitations to the amended count filed March 31, 1900. We are of opinion that this count is merely a restatement of the same cause of action set out by the original *narr.*, and hence that the plea of the statute was bad. It is also contended that the verdict is against the manifest weight of the evidence. To this we can not assent. There was a conflict in the evidence as to the precise manner in which the collision occurred; but it seems to us clear, as well from the testimony of witnesses called by appellant as from the witnesses called for appellee, that the motorman in charge of appellant's car might, by the exercise of ordinary care, have avoided the collision. The team and wagon with the load of pipes, backing toward the tracks of appellant, were easily to be seen from the approaching car. They were seen by witnesses who were upon the car and upon the street. Dunn, a witness called by appellant, testified: "When I first saw the wagon it was about fifty feet between it and the car," and "Pipe projected, as near as I can guess, over the west rail," and, "At time he (the

driver of the wagon) started to move backward I should judge our train was fifteen or twenty feet away from him." If the testimony of this witness, whose credibility is affirmed by the appellant, is to be believed, the motorman, had he been as observant as was Dunn, a passenger on his train, might readily have seen the wagon standing dangerously near his track, with the pipe projecting over the neighboring west track, when his car was fifty feet distant, and might have so controlled the motion of the car as to have avoided the collision which resulted from the wagon beginning to back still further onto the tracks when the car was fifteen or twenty feet distant from it. Evidence presented by the appellant would show that the train could have been brought to a stop within the fifty feet. Had the motorman, when he saw the wagon with its load projecting over one track, while the car was fifty feet distant therefrom, brought his car to a slow movement, he might readily have stopped it altogether within the fifteen or twenty feet which intervened when the wagon began to back still further over the tracks.

There was evidence on behalf of the appellee tending to show that the motorman was not looking ahead, but to the west.

Without going into an unnecessary discussion of all the evidence, it is enough to say that we are of opinion that the jury were warranted in finding that a preponderance of the evidence established negligence of appellant as a proximate cause of the injury to appellee. Nor is it of any consequence, as affecting this conclusion, that Downey, the driver of the team attached to the wagon, may also have been negligent. His concurring negligence would not operate to relieve appellant from liability for the results of its negligence, where its negligence was an efficient, proximate cause of the injury. N. C. St. R. R. Co. v. Dudgeon, 83 Ill. App. 528, and cases therein cited.

The recovery against appellant is in no way affected by the discontinuance as to Downey or the verdict of not guilty as to Burke. It seems almost incredible that coun-

sel should seriously urge upon the consideration of the court that in a suit against several *tort feasors* the recovery must be against all or none.

Whether appellee was guilty of any contributory negligence by her conduct in attempting to alight from the car, in view of the imminent danger, was a question of fact for the jury, and we can not say that the finding in this behalf by the general verdict is against the manifest weight of the evidence.

It is argued that the written verdict returned by the jury was insufficient, in that it was signed by the foreman only, and not by all of the jurors. There is no merit in this contention. The return by the foreman in open court, in the presence of all the jurors, was sufficient. A written verdict is not essential and a return of the verdict by the foreman *ore tenus* is enough. Here, the writing signed by the foreman having been announced in open court as the verdict in the presence of all the jurors, there was a sufficient return of the verdict.

Many objections to rulings of the trial court upon the admission of evidence were preserved by exceptions and are now urged as ground for reversal. Many of these objections are trivial and few of them merit serious consideration. We find no reversible error in any of them. The evidence as to a miscarriage was competent under the allegations of the *narr*. Whether it was shown by a preponderance of the evidence to have been in any way traceable to the injury sued for, was a question of fact for the jury. No special allegation was necessary in the declaration. The general allegations of serious and permanent physical injuries, external and internal, causing pain, suffering and impairment of health and inability to work, were sufficient in this behalf.

There was no error in the rulings of the court upon questions put to experts. The testimony of the plaintiff that the car was going at a " terrible speed " was improper, and should have been stricken out on the motion of counsel for appellant. But the court did not pass upon the motion, and

although the evidence was not stricken out, there is no ruling by the court which can be assigned as error.

We are inclined to view the testimony of Miss Gebhard, a witness called by appellee, who was upon the car in question and was also injured, to the effect that the appellant company had settled with her for her injury, as incompetent and improperly admitted over the objection of counsel for appellant. Still we do not regard the error as warranting a reversal.

Downey, the driver of the team attached to the load of pipes, was called as a witness for appellee, and after his testimony had been received the suit was dismissed as to him, on motion of appellee. Upon his cross-examination counsel for appellee asked him if he "expected to be let out of the case." The court sustained an objection to the question and appellant assigns the ruling as error. It would, doubtless, be proper to show an agreement between appellee and the witness to dismiss the suit as to him, upon condition that he would testify, for such an agreement would bear upon the interest of the witness, and hence might, in the belief of the jury, affect his credibility. But what he expected was of slight consequence, unless it was shown to be based upon something which might affect his credibility. We are not disposed to regard the exclusion of this evidence as reversible error.

There is much of complaint as to the rulings of the trial court upon instructions. Forty instructions were proffered by counsel for appellant. This was an unreasonable number. We are of opinion that the learned trial court committed no error in ruling upon the instructions, either by giving, refusing or modifying, except in the instance of the eighth instruction proffered by counsel for appellee. That instruction is set out in full in the preceding statement of facts. The instruction is erroneous, for if the "injuries and impairments * * * resulted in whole * * * through mistakes of some one of her medical attendants," then no recovery could be had by appellee for such injuries or impairments. But we are not inclined to reverse because of

this error.  As applied to the facts of this case, we regard
it as unlikely that the appellant was thereby prejudiced.
It is established by the evidence, beyond question, that some
injury did result to appellee from the fall, and that her
"impairments" were not wholly due to any "mistakes" of
her medical attendants.

If the negligence of appellant was the direct cause of the
injury, and it was simply aggravated by some improper
treatment by medical attendants through no fault of appel-
lee or lack of care on her part in selecting such attendants,
then the mere fact of such aggravation of the injury would
not preclude a recovery for the injury in the suit against
appellant.  Pullman Co. v. Bluhm, 109 Ill. 20.

Error is assigned in that the court made improper re-
marks in the presence and hearing of the jury.  The
remarks are set out in the preceding statement of facts.
We are of opinion that the error is well assigned, and if the
comments of the court bore upon the issue of appellant's
liability or non-liability for the injury, it might afford
ground for reversing the judgment.  But the evidence
which counsel for appellant was seeking to bring out, viz.,
the taking of medicine by appellee before the injury in
question, as indicating impaired health before the injury,
bore only upon the extent of the injury and the measure of
the damages.  Counsel for appellant had the right to cross-
examine upon this subject, and it was for the jury, not for the
court, to pass upon the weight of the admission of appellee
that she had generally taken a little medicine in the spring-
time in several different years.  The comment of the court
that this did not prove her health was not good, was calcu-
lated to lead the jury to believe that the court attached no
importance to the admission.  This was improper.  Chi-
cago City Ry. Co. v. Wall, 93 Ill. App. 411.

But the evidence is such as to warrant us in assuming
that these comments worked no prejudice to appellant.
The jury assessed the appellee's damages at $2,500.  The
evidence discloses that as a result of the injury she was
obliged to remain at the County Hospital for more than two

months; that for about four years she has been obliged to walk with crutches; that her recovery is a matter of doubt, and, at the best, will be accomplished only after some years of treatment, involving suffering, and an outlay of money equal to nearly if not quite half of the amount recovered. Whether the miscarriage was caused by the injury in question or not, the damages assessed are not only not excessive, but are, in our opinion, so moderate as to make it a safe presumption that the errors complained of did not operate to unduly enhance them.

The judgment is affirmed.