## Purington-Kimball Brick Co. v. Charles Eckman.

1. PLEADINGS—*Declarations in Actions of Tort.*—Where a declaration in an action of tort alleges as the cause of the action the joint negligence of two or more defendants, an error in the joinder can not be reached by demurrer or plea in abatement. The proper plea for those not guilty, is the general issue.

2. TORTS—*Are Joint or Several.*—A tort may be treated as joint or several.

3. NEGLIGENCE—*Riding on the Running-Board of a Street Car.*— Whether or not it is negligence for a person to ride on the running-board of a street car, facing the inside and holding to the railing, is a question to be determined by the jury from the evidence in the case.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed May 22, 1902.

**Statement.**—June 19, 1899, in the city of Chicago, appellee was accepted as a passenger on an open street car, going south. The seats of the car were taken and standing room on the floor of the car was crowded. He therefore stood upon the running-board on the east side of the car, with his right arm around one of the upright posts of the car. At Twenty-third street there is a curve in the track upon which the car was running, which tended to cause the car, when going rapidly, to swing over toward the east track. A mule team belonging to appellant was coming north on the east track. While the wagon was tracking in the rails the mules were "spread," so that the near mule was traveling outside of the west rail of the east track and between the two tracks. Appellee could not see the approaching danger, because his view was obstructed by the bodies of other passengers standing upon the running-board in front of him. The wagon driver attempted to pull the mule inside of the rails of the east track, but did not succeed in so doing in time to prevent an accident. When the car was passing the team, appellee was struck by the collar of the near mule and thrown to the ground, and a wheel of the wagon ran over him, breaking his arm. Suit was brought against the street car company and appellant. The trial resulted in a verdict of not guilty as to the street car company and of guilty as to appellant.

F. J. CANTY and A. B. MELVILLE, attorneys for appellant.

C. N. DURAND, BEN M. SMITH and J. L. BAILY, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant contends that the action was improperly brought against two defendants, "because one of them had nothing whatever to do with the wrong," if the verdict is to be taken as conclusive of the facts.

The point is not well taken. In Baker v. Ry. Co., 42 Ill. 73–78, which was a joint action against several railway companies for damages resulting from delay in the trans-

portation of a lot of hams, there was judgment for the only company that pleaded, the other companies being defaulted. On appeal the Supreme Court found error in the trial, and reversed the case.    The court say:

" It is urged in affirmance that these companies were improperly joined as defendants.    This is an action of tort, and no reason is perceived why the general rule should not apply to this as well as other cases of that character, that on the trial a verdict may be against those .found guilty, and an acquittal of those not guilty of the wrong."

This is the rule both in England and in the United States. If the declaration alleges as the cause of action the joint negligence of two or more defendants, the error, if any, in the joinder, can be reached neither by demurrer nor by plea in abatement.    The truth or falsity of this allegation must be determined by the facts shown on the trial.    The proper plea for those not guilty is the general issue.    The reason is that a tort may be treated as joint or several.    Yeazel v. Alexander, 58 Ill. 254–261.

The case of Chicago City Ry. Co. v. Cooney, 95 Ill. App. 471–475, is directly in point.    There, as here, the injury was caused by a collision between a street car and a wagon. Suit was brought against the street car company, Downey, the owner, and Burke, the driver of the wagon.    At the trial the suit was discontinued as to Downey.    The jury found Burke not guilty, and the defendant company guilty. On appeal this court said:

" The recovery against appellant is in no way affected by the discontinuance as to Downey, or the verdict of not guilty as to Burke.    It seems almost incredible that counsel should seriously urge upon the consideration of the court that in a suit against several joint *tort feasors* the recovery must be against all or none."

The second contention of appellant is that while appellee, as concerns the street car company, might have been using due care for his own safety, he was negligent in so far as the appellant is concerned.

In a suit between the injured passenger and the company (W. Chi. St. Ry. Co. v. McNulty, 64 Ill. App. 549) this

court held, it can not say, as a matter of law, that it is negligence for one to ride on the running-board of a street car, facing the inside of the car and holding to the railing.

Whether or not, in this cause, the appellee was negligent at the time he was injured, was a question submitted to and determined by the jury from the evidence. They heard and saw the witnesses and weighed the testimony of each. Their verdict decided that question in favor of the appellee. The trial judge approved this finding when he entered judgment upon the verdict. We have examined the evidence carefully, and we can not say that its weight is clearly against the finding, and therefore we can not disturb it upon this ground.

The evidence tends to show negligence upon the part of the driver of this wagon at the time of the accident. He saw the car coming; he knew that it must follow the rail on which it was running. This being so, it was his duty in passing the car to keep far enough from it to avoid collision with its passengers, whether they were seated in the car or were standing on the running-board. He says that the wheels of his wagon were running on the rails of the east track. Had his team been kept within the same limits, no one would have been injured. But the near mule was traveling outside and west of the east track, on a line midway between the two tracks. If he continued on that line a collision was inevitable. This the driver saw when he was seventy-five to one hundred feet from the car, and tried to pull the mule inside the rails, but the lines were hanging down between his knees and he could not recover them in time to prevent the accident.

The third contention of appellant is that the court improperly instructed the jury, and improperly refused certain instructions asked on behalf of the appellant.

Instruction No. 7 (which is incorrectly set forth in the abstract) reads as follows :

"The jury are instructed that by reason of its convenience to the public as a carrier of passengers, and because of the inability of its cars to turn out, a street railway company, at points on its line other than at street crossings,

is invested with the right of way over other vehicles over the portion of streets occupied by its tracks, and it is the duty of drivers of such vehicles to turn out and allow its cars to pass and to use care not to obstruct or delay the same, and if the jury believe from the evidence that the driver of the mules, one of which came in contact with the plaintiff, neglected such duty, then the jury have a right to take into consideration in determining whether or not the defendant, Chicago City .Railway Company, was guilty of the negligence charged in the declaration, the fact that the said street railroad company was invested with the right of way over other vehicles over the portion of the street in question occupied by its tracks."

Under the evidence in this case, we do not think this instruction is misleading, or that it misstates the law as laid down by the Supreme Court. This accident occurred between street crossings. The two defendants were approaching and about to pass each other. The car was bound to follow its rails. The near mule, by the preponderance of the evidence, was not traveling in the east track, but was going along a line midway between the tracks, "so that the collar of the mule struck the boy on the shoulder." The driver of the wagon had a right to follow along the east track, but he had no right to permit the mule to travel outside of that track in the space that must necessarily be occupied by the street car and its passengers in going by him.

The error, if any, in refusing the forty-fifth instruction, is cured by instructions Nos. 27, 28, 29 and 30 as given.

We find no reversible error in the giving or in the refusing of the other instructions.

The judgment of the Superior Court is therefore affirmed.