WALTER E. PARFITT, Appellant, *v.* CORNELIUS FURGUSON et al., Respondents.

1. TOWN OF NEW UTRECHT — GAS-LIGHTING CONTRACT — ILLEGAL CLAUSE. The clause in the contract of December 26, 1889, between the board of improvement of the town of New Utrecht and the Kings County Gas and Illuminating Company, to the effect that the board would not give its consent to any other gas or electric company to lay pipes in the streets of the town during the term of the agreement, was not authorized by the act (L. 1888, ch. 576) establishing a board of improvement and providing for lighting the town of New Utrecht, was consequently beyond the power of the board, and, therefore, illegal.

2. ILLEGAL CLAUSE IN CONTRACT NOT VALIDATED BY STATUTE. The illegal clause in the contract is not to be deemed validated by the provision to the effect that any contract entered into by the board of improvement "is hereby, in all respects, confirmed," found in the act of 1891 (Ch. 59) amending the New Utrecht act of 1888, as imputing that intention to the act would render it violative of the constitutional requirement that no local bill shall embrace more than one subject, and that shall be expressed in the title.

3. ILLEGAL CLAUSE IN CONTRACT TERMINATED BY CONSOLIDATION OF TOWN — NO BASIS FOR TAXPAYER'S ACTION. The illegal clause in the contract came to an end on the termination of the official life of the board of improvement through the consolidation of the town with the city of Brooklyn in 1894, has no binding effect upon other municipal officials vested with the power to determine whether leave should be granted to other companies to lay pipes in the streets, as provided by chapter 40 of the General Laws (L. 1890, ch. 566), and has become a dead issue, from which a taxpayer requires no relief and which therefore will not sustain a taxpayer's action.

4. EXTENSION OF CONTRACT. The unconstitutional clause in the New Utrecht act of 1891 (Ch. 59), purporting to confirm the existing contract of the board of improvement, is so independent as not to impair or in any wise affect the other provisions of the act; and the provision empowering the board to extend the term of the original contract for fifteen years may therefore be treated as valid.

*Parfitt* v. *Ferguson,* 3 App. Div. 176, affirmed.

(Argued March 21, 1899; decided April 25, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 27, 1896, affirming a judgment entered upon a decision dismissing the plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward M. Grout* for appellant. The original contract contained the following : " And that no other gas or electric company shall have the consent of the party of the first part, (*i. e.*, the board of improvement) to extend its mains or to lay pipes or conductors within said town of New Utrecht during the term of this agreement." This provision was directly contrary to the law under which the board acted. (L. 1888, ch. 576, § 13 ; *People* v. *Bowen*, 30 Barb. 37 ; *S. W. Co.* v. *City of Syracuse*, 116 N. Y. 167 ; L. 1894, ch. 451.) This improvement law required that all members of the board should be notified of its meetings. (L. 1888, ch. 576, § 7.) Section 4 of the amending act, chapter 59, Laws of 1891, the authority for the extension contract, is wholly unconstitutional and void, because it contravenes section 16, article 3 of the Constitution, which provides that no private or local bill shall embrace more than one subject, which shall be expressed in the title. (*Matter of N. Y. & L. I. B. Co.*, 148 N. Y. 540 ; *Rogers Case*, 30 N. Y. Supp. 855 ; *Rogers* v. *U. R. Co.*, 10 Misc. Rep. 57 ; *People* v. *Hills*, 35 N. Y. 452 ; *People* v. *McCann*, 3 Park. 299 ; Sutherland on Stat. Const. § 101 ; *Wilcox* v. *Baker*, 22 App. Div. 299 ; *Matter of Kiernan*, 6 T. & C. 320 ; *City of Watertown* v. *Fairbanks*, 65 N. Y. 588 ; *Williamson* v. *Keokuk*, 44 Iowa, 88 ; *Tecumseh* v. *Phillips*, 5 Neb. 305.) This entire section of the act of 1891, the extension as well as the confirming provision, is void as contravening the restriction of section 18, article 3 of the Constitution, that the legislature shall not pass a private or local bill granting to any private corporation any exclusive privilege, immunity or franchise whatever. (*People ex rel.* v. *Loew*, 102 N. Y. 471.)

*Benjamin F. Tracy, Alfred C. Chapin* and *William J. Kelly*, for gas company, respondent. The contract of March 19, 1891, was duly made, and was valid and binding in all

respects. (L. 1891, ch. 59, § 12; *People ex rel.* v. *Butler*, 147 N. Y. 164.) The provisions of the act, chapter 59, Laws 1891, authorizing the extension of the original contract, are constitutional and valid. (70 N. Y. 351; L. 1891, ch. 59; *Van Brunt* v. *Town of Flatbush*, 128 N. Y. 50; *Sweet* v. *City of Syracuse*, 129 N. Y. 331; Const. N. Y. art. 3, § 16; L. 1888, ch. 576; *People ex rel.* v. *Briggs*, 50 N. Y. 553; *Matter of P. P. & C. I. R. R. Co.*, 67 N. Y. 371; *W. I. B. Co.* v. *Town of Attica*, 119 N. Y. 204; *Astor* v. *A. R. Co.*, 113 N. Y. 93; *Matter of N. Y. & L. I. B. Co.*, 148 N. Y. 540; *Matter of Mayor, etc.*, 99 N. Y. 569.)

*James C. Church* for Furguson et al., respondents. The clause in the 26th section of the contract, that the board of improvement should not grant consent to any other company to light the town during the term of the agreement in question, is legal. (Const. N. Y. art. 3, § 18.) The extension of the original contract was legally authorized, and was properly and legally made. (L. 1891, ch. 59; L. 1888, ch. 576; *Matter of N. Y. & L. I. B. Co.*, 148 N. Y. 540; *People ex rel.* v. *Briggs*, 50 N. Y. 553; *Matter of Mayer*, 50 N. Y. 506; *People ex rel.* v. *Comrs. of Taxes*, 47 N. Y. 505; *Brewster* v. *City of Syracuse*, 19 N. Y. 117; *Litchfield* v. *Vernon*, 41 N. Y. 123; *Matter of L. & W. Orphan Home*, 92 N. Y. 120; *Kerrigan* v. *Force*, 68 N. Y. 383; *People ex rel.* v. *Livingston*, 79 N. Y. 279; *Matter of Paul*, 94 N. Y. 497.)

HAIGHT, J. This action was brought by the plaintiff, as a taxpayer of the town of New Utrecht, in the county of Kings, to cancel and annul certain contracts made with the Kings County Gas & Illuminating Company for the lighting of the streets of the town.

The legislature in 1888, chapter 576, passed an act entitled "An act establishing a board of improvement and defining its powers and duties, and to provide for lighting the streets and other places in the town of New Utrecht, in the county of Kings." Under the provisions of this act a board

of improvement was created in the town, consisting of the supervisor and four other members to be appointed, one by the supervisor, another by the justices of the peace, another by the assessors, and the last one by the highway commissioners of the town. They were authorized and empowered to divide the town into gas districts and to enter into a contract with any gas company to supply gas for lighting the streets for such periods, not exceeding ten years, and upon such terms as they may deem expedient, provided, that before making such contract the board shall advertise in two daily newspapers published in Kings county three times a week for three successive weeks for bids for such contracts, and the contract to be awarded to the company offering the lowest bid. This act was amended by chapter 361 of the Laws of 1889, chiefly with reference to the levying of the taxes and defraying the expenses incident to the lighting of the streets. Under the provisions of these acts the board so constituted on the 26th day of December, 1889, entered into a contract with the Kings County Gas and Illuminating Company, in and by the terms of which the company agreed to erect and maintain the necessary gas tanks and appurtenances for the storage and supply of illuminating gas sufficient for the town, and to furnish all mains, branches and connections with the lamp posts erected by the town, and to manufacture and supply the town with illuminating gas at an expense not to exceed $28 per lamp per year for each lamp lighted and maintained by the town, and to supply gas to all public buildings and private consumers in the town upon or along the line of its mains, at a price not to exceed $2.25 per thousand feet of gas consumed. The contract was to remain in force for ten years, and contained the provision on the part of the board of improvement that " No other gas or electric company shall have the consent of the party of the first part to extend its mains or to lay its pipes or conductors within said town of New Utrecht during the term of this agreement." Pursuant to this agreement, the gas company erected its plant and tanks with a capacity for the storage of six hundred thousand cubic

feet of gas, and laid ninety-three miles of its mains for the distribution of gas through the streets of the town at an expense of at least $600,000; but before it commenced the supplying of gas to the town, the legislature, by chapter 59 of the Laws of 1891, again amended chapter 576 of the Laws of 1888, as amended by chapter 361 of the Laws of 1889, so as to empower the board, in its discretion, to provide for the lighting of any of the streets in the town, and for the payment of the expenses thereof by the town, and then provided : " Nothing herein contained shall be construed so as to impair the force of any contract heretofore made by or with said board for lighting the streets of said town, and establishing the maximum limit of price to be charged to private or individual consumers of gas, *but the same is hereby in all respects confirmed,* and may be extended upon like terms and conditions for such further period, not exceeding fifteen years, as in the judgment of said board may be deemed most expedient and for the best interests of the town." Under this enactment the board entered into a further contract with the company, in which the company agreed to furnish gas to private consumers at a price not to exceed $1.75 per thousand cubic feet of gas consumed; and in consideration of this the board extended the terms of the contract for a further period of fifteen years.

As we have seen, the trial resulted in favor of the defendants, and the judgment has been affirmed in the Appellate Division, thus disposing of all of the issues arising out of the facts. Upon this review two questions are raised which require our consideration. The first is as to whether the clause in the original contract, to the effect that the board of improvement will not give their consent to any other gas or electric company to extend its mains or lay its pipes within the town during the term of the agreement, is illegal and void. The second question is as to whether the act of 1891 is in conflict with the provisions of the Constitution, and the contract entered into in accordance therewith extending the term of the original contract for fifteen years is void.

With reference to the first question we think the clause was unauthorized, and that the board, in making the agreement, exceeded its powers.   We do not regard it necessary to enter upon a discussion of the constitutional question as to whether the legislature, in a local bill of this character, had the power to authorize such a contract.   It is sufficient to say that the legislature, in the acts to which we have referred, has not authorized such a contract.   Instead, it is provided that "From and after the passage of this act *any* gas company shall have power to extend its mains or lay its pipes or conductors for conducting gas in, through, along or across any of the public highways of said town, with the written consent of said board of improvement, and under such reasonable regulations as they may prescribe." (§ 13.)   Under this provision, whenever a company seeks to extend its mains or lay its pipes in the streets of a town, it becomes the duty of the board to then exercise its judgment as to whether their consent should be given and what reasonable regulations should be prescribed.

It is said that this clause of the contract was ratified and confirmed by chapter 59 of the Laws of 1891.   It is true that in the provisions of that act appears a clause to the effect that any contract theretofore entered into by the board "is hereby in all respects confirmed."   If such was the purpose of the act, we think it violative of that provision of the Constitution which provides that "no private or local bills which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." (Art. III, § 16, Const. 1846.)   This was a local act.   It is entitled "An act to amend chapter 576 of the Laws of 1888, entitled ' An act establishing a board of improvement and defining its powers and duties, and to provide for lighting the streets and other places in the town of New Utrecht, in the county of Kings,' as amended by chapter 361 of the Laws of 1889."   The establishing of a board of improvement for the town, and defining its powers and duties with reference to the lighting of the streets in the town, is one subject; that of ratifying and confirming illegal contracts is quite another subject.   There is

nothing in the title of this act indicating any such purpose on the part of the legislature, and, therefore, we think this legislation fails to give vitality or validity to the clause of the contract in question.

The trial judge dismissed this subject by assuming the clause to be illegal and says: "It is mere surplusage and binds no one; and as the expenditure of no money is involved in any rights therein assumed to be given plaintiff needs no decree of the court to protect him." We are not impressed with the cogency of this reasoning, for the plaintiff, as a resident and taxpayer of the town, has the right to use gas for his private lighting. If other companies are willing to supply him and the other residents of the town with gas at a lower figure than $1.75 per thousand feet, he might derive a pecuniary benefit therefrom, and, under the statute, would have the right to have the board exercise its judgment as to whether the inhabitants of the town should not have the benefit of such cheaper rates.

The view of the Appellate Division impresses us as more logical: That when the life of the board terminated, this clause of the agreement was at an end. By chapter 451 of the Laws of 1894, the town of New Utrecht was consolidated with the city of Brooklyn. By this consolidation the official life of the board of town improvement terminated. Since then the city of Brooklyn has been consolidated with that of New York. Under chapter 40 of the General Laws (L. 1890, ch. 566, § 61), gas or electric companies may lay pipes or mains in the streets of the city where they are located with the consent of the municipal authorities. The contract does not in terms grant to the gas company the exclusive right to lay its pipes in the streets. The board only agreed not to give its consent to so lay pipes to any other company. This was merely an agreement not to exercise the power given to it by the statute, and it could not have any binding force upon other officers who should become vested with the power to determine whether leave should be granted to other companies to lay pipes in the streets. We are, therefore, of the opinion that the question

raised has become a dead issue and that the plaintiff does not require any relief from the clause in question.

With reference to the second question, we think it was properly disposed of below. The law of 1891, to which reference has been made, expressly gives the board the power to extend the term of the original contract for fifteen years if, in their judgment, they deem it expedient and for the best interests of the town so to do. The clause in the statute, to which we have already referred, purporting to ratify and confirm the existing contract, is so independent and disconnected with the other provisions of the act as not to impair or in anywise affect its other provisions. They, therefore, may be treated as valid.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.