THEODORE WENK, Appellant, v. THE CITY OF NEW YORK et al., Defendants.

THE UNITED STATES LAND AND IMPROVEMENT COMPANY, LIMITED, et al., Respondents.

1. PLEADING — DEMURRER. A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action will not be sustained where the facts directly alleged and those which, by fair and reasonable intendment may be implied from the direct allegations, show a cause of action.

2. MUNICIPAL CORPORATIONS — NEW YORK CITY — OFFICER'S ILLEGAL OFFICIAL ACT — ACTION TO RESTRAIN. The collection of rent by the

comptroller of the city of New York for marsh lands of a defunct town to whose rights the city has succeeded, and leases of which are invalid and illegal for collusion of former officers of the town, is an illegal official act on his part, to restrain which and prevent interference with the premises by the lessees an action may be maintained by a qualified taxpayer under chapter 301 of the Laws of 1892, providing for the main-tenance, by any person or persons whose assessments amount to a desig-nated sum, of actions against the officers of any municipality who are acting or who have acted for it, to prevent illegal action by them.

3. PARTIES TO ACTION TO RESTRAIN ILLEGAL ACT OF MUNICIPAL OFFICER, UNDER L. 1892, CH. 301. The proper parties defendant in such action are the comptroller as the acting fiscal official of the city, the lessees and their successors in interest, and the city of New York, which has the right to be heard upon the question whether the leases shall be set aside, but the officers of the former town whose acts are sought to be impugned are neither necessary nor proper parties, and a resident taxpayer of the city of New York who is assessed the amount required by the statute may maintain such action, although he lives in a borough of the city other than that embracing the lands described in the leases.

*Wenk* v. *City of New York*, 69 App. Div. 621, reversed.

(Argued June 10, 1902; decided June 27, 1902.)

APPEAL, by permission, from a judgment entered March 11, 1902, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which affirmed an interlocutory judgment of Special Term entered upon an order sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry A. Monfort* for appellant. The complaint states facts sufficient to constitute a cause of action. (*Hendrickson* v. *City of New York*, 160 N. Y. 144; *Schwan* v. *City of New York*, 65 App. Div. 420; *Vacheron* v. *City of New York*, 34 Misc. Rep. 420; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *Ziegler* v. *Chapin*, 126 N. Y. 342; *Weston* v. *City of Syracuse*, 158 N. Y. 274.) The action is properly brought against the comptroller of the city of New York, to prevent him from acting in recognition of these void leases, rather than against the former officials of the late town of Jamaica. (*Bush* v. *O'Brien*, 164 N. Y. 205;

*Bush* v. *Coler*, 60 App. Div. 56 ; *Williams* v. *Boynton*, 147
N. Y. 426 ; *McCrea* v. *Chahoon*, 54 Hun, 577 ; *Peck* v.
*Belknap*, 130 N. Y. 394 ; *Hendrickson* v. *City of New York*,
160 N. Y. 144 ; *Ayers* v. *Lawrence*, 59 N. Y. 192.) The
action is brought to prevent an illegal official act within
the meaning of the statute. (*Warren* v. *Baldwin*, 105
N. Y. 534 ; *Peck* v. *Belknap*, 130 N. Y. 394 ; *Bush* v.
*O'Brien*, 164 N. Y. 205 ; *Bush* v. *Coler*, 60 App. Div. 56 ;
*Williams* v. *Boynton*, 147 N. Y. 426.) This action may be
maintained by plaintiff to have these leases declared void,
whether the property be held by the municipality in its gov-
ernmental or public character, or in a private capacity.
(*Roosevelt* v. *Draper*, 23 N. Y. 318.) Upon the face of the
complaint it appears that plaintiff has legal capacity to main-
tain the action. (*People* v. *Ingersoll*, 58 N. Y. 1 ; *Town of
North Hempstead* v. *Town of Hempstead*, 2 Wend. 109 ;
*Town of Southampton* v. *Mecox Bay Oyster Co.*, 116 N. Y.
1 ; *People* v. *N. Y. & M. B. R. R. Co.*, 84 N. Y. 565.)

*F. H. Van Vechten* and *D. E. Delavan* for respondents.
The right of a taxpayer to bring an action questioning official
acts is limited by the statute to suits against officials or those
who have been officials, or acted for or in behalf of the
municipal corporation in which the taxpayer, plaintiff, pays or
has paid taxes. (L. 1892, ch. 301 ; Code Civ. Pro. § 1925 ;
*Potter* v. *Collis*, 19 App. Div. 392 ; *Sheehy* v. *McMillan*, 26
App. Div. 140 ; *Talcott* v. *City of Buffalo*, 125 N. Y. 280 ;
*Ziegler* v. *Chapin*, 126 N. Y. 348.) An officer of a munici-
pal corporation may be sued only by a taxpayer of the same
corporation. (L. 1892, ch. 301.) An action by a taxpayer to
prevent waste can only be maintained where fraud or cor-
ruption on the part of the official sued is alleged. (*Talcott* v.
*City of Buffalo*, 125 N. Y. 280 ; *Ziegler* v. *Chapin*, 126 N.
Y. 343 ; *Woolsey* v. *Sunderland*, 47 App. Div. 86 ; *Knapp*
v. *City of Brooklyn*, 97 N. Y. 520 ; *Wood* v. *Amory*, 105 N. Y.
278.) There is no right of action in behalf of a taxpayer as to
property of a municipal corporation which is not held by the

corporation in its governmental or public character, but as a legal individual. (*Denton* v. *Jackson*, 2 Johns. Ch. 320; *Lawrence* v. *Town of Hempstead*, 155 N. Y. 297; *People ex rel.* v. *Jessup*, 160 N. Y. 249; *Trustees of Southampton* v. *Jessup*, 162 N. Y. 122; *Town of North Hempstead* v. *Town of Hempstead*, 2 Wend. 110; *Town of North Hempstead* v. *Gallagher*, 21 Misc. Rep. 508; *Rogers* v. *O'Brien*, 153 N. Y. 357.) The statute relating to taxpayers' actions has no application to matters in which the public are only indirectly concerned, but only to acts which may result in increasing the burden of taxation. (*S. F. & M. Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 50.)

WERNER, J. The courts below sustained a demurrer to the complaint interposed by the defendant, The United States Land and Improvement Company, Limited. The Appellate Division has certified to this court the question: "Does the complaint state facts sufficient to constitute a cause of action?" That is the only question presented upon this appeal.

The action is brought by a taxpayer of the borough of Brooklyn, city of New York, under chapter 301 of the Laws of 1892, to annul certain leases of common and marsh lands located in the former town of Jamaica, county of Queens, made by the trustees of that town on August 19th, 1892, and December 29th, 1897, to Alonzo E. Smith and William H. Boynton, to restrain the comptroller of the city of New York from receiving rentals reserved in such leases, and to restrain the other defendants from in any way interfering with the premises demised.

In substance, the allegations of the complaint are that the town of Jamaica was formerly the owner of about three thousand acres of land under water, or marsh land, situate within that town, and now in the fourth ward of the borough of Queens, city of New York; that by chapter 235 of the Laws of 1822 these lands were placed under the control of trustees elected by the electors of the town of Jamaica; that these

trustees managed and controlled said lands, leasing them to different persons for short terms, usually one year, until May 14th, 1892; that in that year, by chapter 580, Laws of 1892, the trustees elected under the act of 1822 were deposed from office, and the marsh lands in question were placed under the control of the Jamaica town board; that on August 5th, 1892, this town board, consisting of six persons named, of whom Frederick W. Dunton was chairman, voted to lease these lands for a term of fifty years from December 31st, 1892, and bids were advertised for during two weeks in two newspapers published in said town; that two persons, Alonzo E. Smith and George E. Hagerman were the only bidders for such lease, and on August 19th, 1892, the said town board leased the lands to Smith for a term of fifty years at a graduated rental running from $500.00 in the first year to $2,750.00 in the last year, amounting in all to $81,250.00; that Dunton, the chairman of the town board, procured the United States Land & Improvement Company, Limited, to be organized, and on July 11th, 1893, Smith assigned all his interest in the lease to that company; that on January 25th, 1899, that company, through Dunton, its vice-president, sublet a small portion of the leased lands to the defendants Twombly and Eldert, which subleases were given to them as collateral security for the individual indebtedness of Dunton to them; that thereafter Dunton procured the Co-operative Society of New Jersey to be incorporated, and on May 11th, 1899, the said improvement company sublet the said leased lands to this co-operative society, excepting from such sublease a small portion of the lands and subject to the lease to said Twombly and Eldert.

It is further alleged that all of said acts were in furtherance of a collusive scheme to place the leased lands in the control and possession of Dunton; that the advertisement for bids for the lease of the lands was not published in any of the New York or Brooklyn papers, nor were such bids published in such a way as to encourage bidding; that Smith and Hagerman, the only bidders, were acting in league with Dunton and not in good faith, and the lease, which was in form made to

Smith, was, in fact made to Dunton; that the latter controlled both the improvement company and the co-operative society; that the subleases referred to were made in furtherance of his scheme, abetted by his associates, to get possession of said lands, and that Dunton paid the first installment of rent on the lease to Smith.

It is further alleged that Dunton procured the town board to make a lease to Boynton of the lands demised to Smith for the period of fifty years commencing on December 1st, 1942, being the date of the expiration of the lease to Smith; that said lease to Boynton was dated April 19th, 1897; that Smith, Hagerman and Boynton were associated with Dunton in procuring this lease; that the co-operative society obtained control of this latter lease and, through its secretary, Dunton, assumed to lease a portion of the premises therein demised to the Brooklyn & Jamaica Bay Turnpike Company for a term extending until December 31st, 1992, such co-operative society also owning the original lease to Smith expiring in December, 1942; that on December 29th, 1897, the town board, of which Dunton was chairman, made a so-called confirmatory lease to Boynton of the lands leased to Smith in August, 1892; that said confirmatory lease was without consideration; that all of these transactions were brought about, without legal right or power, by the collusive action of Dunton and the town board for the benefit of Dunton and his associates.

The complaint further states that the charter of Greater New York became a law on May 4th, 1897, and, on the 1st of January, 1898, under the provisions of that charter, the town of Jamaica became a part of that city; that as successor to the town, the city of New York owns said lands in trust for the benefit of its inhabitants; that the defendant Coler is the chief financial officer of New York city and, as such, it is his duty to receive the revenues from the property of the city; that the lands in question are of great value and the rents derived from them through the leases referred to are grossly inadequate, and that these leases constitute a waste of the city's money.

These are, in substance, the allegations which, for the purposes of this appeal, must be taken as true. Not only the facts directly alleged but those which, by fair and reasonable intendment, may be implied from the direct allegations are traversable. (*Marie* v. *Garrison*, 83 N. Y. 14, 23.) Under the rule just referred to, we think the pleading before us is sufficient, if the statute invoked in support of the action authorizes an action against the parties named as defendants for the kind of relief demanded herein. It will be observed that none of the officers of the former town of Jamaica are made defendants. Aside from the city of New York and its comptroller, the only defendants herein are the corporations and individuals who are alleged to have taken some interest in said lands by virtue of the leases and subleases referred to.

The statute under which this action is brought (Chap. 301, L. 1892) provides : " All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action or actions may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation whose assessment, or by any number of persons or corporations, jointly, the sum of whose assessments shall amount to one thousand dollars, * * *."

Under the allegations of the complaint we must assume that the city of New York has succeeded to all the rights of the former town of Jamaica in and to the said common lands. The defendant, the comptroller of said city, is its chief fiscal officer, and, as such, is charged with the duty of receiving any revenues from said lands to which the city may be entitled. The other defendants are said to be interested in the various leases which are sought to be set aside. The individuals who were members of the town board of the former town of

Jamaica, and whose official acts in that capacity are sought to be impugned, are neither necessary nor proper parties defendant, since they no longer have any interest in the controversy. In the light of these observations let us again look at the statute. It provides that actions may be maintained against all officers, agents, commissioners and other persons acting or who have acted for or on behalf of any municipal corporation in this state to prevent (1) illegal official acts on the part of such officers or persons; (2) or to prevent waste or injury to any property of such municipal corporation. The officers and persons against whom such actions may be maintained are those *who have acted or are now acting* as such. The purposes for which, among others, such actions may be brought are to prevent illegal acts or waste by such officers and persons. This does not mean, as intimated by the learned court at Special Term, that the suit must be brought against the officials who were the authors of the initial wrong for the sole purpose of "hauling them over the coals." Fairly interpreted, the language of the statute authorizes an action against a municipal officer to prevent an illegal act, although that particular official may be guilty of no culpable wrong. It often happens that an honest official is charged with the performance of an act that may be illegal, although he has no knowledge of its illegality. The facts before us furnish a fair illustration of such a situation. As fiscal officer of the city of New York, the defendant, its comptroller, is charged with the duty of collecting and receiving the revenues of the city. Among these revenues are rentals under leases made by the officers of a former town, now defunct, because it is merged in the greater city of New York. These leases are regular on their face and apparently valid. The comptroller, having no knowledge of any fraud or legal defect in their inception, would, in the discharge of his duties, proceed to collect or receive such rentals. If the leases are in fact fraudulent and void, this would be an illegal act however innocent the comptroller himself might be. Under the allegations of the complaint we must assume that the leases are

invalid and illegal.   In these conditions it is obvious that the proper parties defendant are not the defunct officers of the defunct town of Jamaica, but the proper official of the city of New York, which is the present owner of the land. An action under this statute, either to prevent waste or an illegal act, must be brought against the officials " acting or who have acted."   The illegal act sought to be prevented in this case is the collection by the " acting " official of the municipality, of rents under leases which the court is asked to annul because they are alleged to be void.   The city of New York, as successor in interest of the town of Jamaica, the original lessor, is properly made a party because it is entitled to be heard upon the question whether said leases shall be set aside or not.   If, in addition to the relief prayed for, the complaint had also asked for restoration of any property or funds of the municipality, alleged to have been wasted by the illegal acts of the members of the town board of the former town of Jamaica, then such members would have been proper and necessary parties defendant.   No such relief is asked, and, as the case stands, they have no legal interest in the result.   The foregoing views as to the effect of the statute under consideration are supported by analogous cases.   ( *Williams* v. *Boynton,* 147 N.  Y. 426 ; *Hendrickson* v. *City of New  York,* 160 N. Y. 149 ; *Peck* v. *Belknap,* 130 N. Y. 394 ; *Bush* v. *O' Brien,* 164 N. Y. 205.)

In regard to respondents' contention, that the plaintiff cannot maintain this action because he is not a resident and taxpayer of that part of the city of New York embracing the lands described in the leases, it is enough to say that the statute requires no such qualification.   The city of New York is now the party in interest and the plaintiff's allegation that he is a resident of that municipality and a taxpayer thereof, in the amount required by the statute, is sufficient to qualify him as plaintiff in such an action.

It remains to be emphasized that in the discussion of this case we are dealing only with the question of pleading.   The hearing of the evidence may invest the case with an entirely

different aspect than it now bears under a complaint which we are bound to take as true.

The certified question must be answered in the affirmative. The judgment of the Appellate Division, affirming the interlocutory judgment of the Special Term, must be reversed, with costs in all the courts, and upon payment of such costs, the defendant, The United States Land and Improvement Company, shall have leave to answer within twenty days.

PARKER, Ch. J., GRAY, O'BRIEN, VANN and CULLEN, JJ., concur ; HAIGHT, J., not voting.

Judgment reversed, etc.