## WENK v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. MUNICIPAL CORPORATIONS—LEASES—RATIFICATION—STATUTES—TITLE.
   Laws 1897, c. 687, is entitled "An act conferring additional powers upon the town board of the town of Jamaica * * * relative to the public lands in such town." *Held*, that the provision of such act that all sales and leases of such land should be subject to existing leases, which were thereby ratified and confirmed, was invalid, as not within the title of the act, and was therefore inoperative to validate previous illegal leases executed by the town board.

2. SAME—RATIFICATION.
   Where, in a taxpayer's action to set aside certain leases of town property, it was alleged that the leases were illegally issued to one of the officers of the town, the fact that such officer was subsequently elected a supervisor of the town did not constitute a ratification of such leases.

3. SAME—ESTOPPEL—LACHES.
   In a taxpayer's action to set aside leases of town property to a town officer, it was no defense that since the making of the leases defend-

ants had expended a large sum of money in improving the land, in reliance on the validity of the leases, and that plaintiff, having made no objection to such expenditure, was estopped by his laches from maintaining the action.

4. SAME—DEFECT OF PARTIES.

In a taxpayer's action to set aside leases of town property to a town officer, an answer alleging that plaintiff is not the real party in interest, and that there is a defect of parties, and that the city of New York, as trustee for the inhabitants of the former town of Jamaica, is the real party in interest, but is not made a party to the suit, was insufficient to raise an issue as to plaintiff's right to sue, since it did not allege facts showing that plaintiff was not the real party in interest.

On reargument. Reversed.

For former opinion, see 75 N. Y. Supp. 1135.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry A. Monfort, for appellant.

F. H. Van Vechten, for respondents.

WILLARD BARTLETT, J. The interlocutory judgment in this action sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and overruled the demurrers to the answers of the present respondents, upon the doctrine of Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816, that "a bad answer is good enough for a bad complaint." Upon an appeal to the Court of Appeals the complaint was held to be good. Wenk v. City of New York, 171 N. Y. 607, 64 N. E. 509. In consequence of this decision a reargument of the case has been ordered by this court, to the end that the sufficiency of the answers of the Co-operative Society of New Jersey and Alonzo E. Smith may be passed upon on the assumption that the complaint states a good cause of action. So far as any question arising upon this appeal is concerned, the answers are substantially the same, and the demurrer raises the same questions as to each. The contents of the complaint are sufficiently stated in the opinion of Judge Werner in the Court of Appeals. Wenk v. City of New York, supra.

The first defense attacked by demurrer in the answers of the respondents alleges that the plaintiff is estopped from questioning the legality of all but one of the leases mentioned in the complaint, because they were ratified, validated, and confirmed by chapter 687 of the Laws of 1897, and also by the action of the electors of the town of Jamacia, in the spring of 1896, in electing Frederick W. Dunton to the office of supervisor of that town. We think it quite clear that this defense is insufficient in law. Chapter 687 of the Laws of 1897 is entitled "An act conferring additional powers upon the town board of the town of Jamaica, Queens county, relative to the public lands in such town." The second section, which is the portion of the statute relied upon by the respondents, confers upon the town board jurisdiction over all lands belonging to the town of Jamaica, not being land under water nor between high and low

¶ 4. See Parties, vol. 37, Cent. Dig. § 119.

water mark, and authorizes the supervisor to sell and convey or lease the same in accordance with regulations made by the town board. It further provides that, with certain exceptions, "all sales and leases shall be made to the bidder, whose bid shall be deemed by said town board for the best interest of said town, and shall be subject to existing leases, which leases are hereby ratified and confirmed." The final clauses in the provision quoted are relied upon as operative to give validity to the leases which are the subject of attack in the present suit. It is apparent, however, that no such effect can be given to the statute when we consider its local character, and the fact that its title in no manner expressed the purpose of the enactment to be the ratification of existing leases or any leases whatsoever. The case in this respect closely resembles Parfitt v. Furguson, 159 N. Y. 111, 53 N. E. 707, in which it was claimed that a contract with the board of improvement of the town of New Utrecht had been confirmed by an act of the Legislature. As to this point, Judge Haight, writing the opinion of the Court of Appeals, said:

"It is said that this clause of the contract was ratified and confirmed by chapter 59 of the Laws of 1891. It is true that in the provisions of that act appears a clause to the effect that any contract theretofore entered into by the board 'is hereby in all respects confirmed.' If such was the purpose of the act, we think it violative of that provision of the Constitution which provides that 'no private or local bills which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title.' Article 3, § 16, Const. 1846. This was a local act. It is entitled 'An act to amend chapter 576 of the Laws of 1888, entitled "An act establishing a board of improvement and defining its powers and duties, and to provide for lighting the streets and other places in the town of New Utrecht, in the county of Kings," as amended by chapter 361 of the Laws of 1889.' The establishing of a board of improvement for the town and defining its powers and duties with reference to the lighting of the streets in the town, is one subject. That of ratifying and confirming illegal contracts is quite another subject."

As to the subdivision of the first defense which sets up the election of Frederick W. Dunton as supervisor of Jamaica as constituting a ratification of the leases, it is enough to say that we know of no rule of law which gives to the action of voters under such circumstances any confirmatory effect in respect to contracts of this kind.

The second defense to which the demurrer is directed alleges that since the making of the leases there has been expended, in reliance upon the legality and validity thereof, in the development and improvement of the lands which the leases cover, and as rent for said land, the sum of $75,000 and upwards; that the plaintiff made no objection to the expenditure; and that by reason of his silence and laches the plaintiff is estopped from maintaining this action. We regard this allegation as equally insufficient to constitute a defense. It fails to set out any facts which would constitute an estoppel in a suit like this, brought by a taxpayer in the public interest.

In the fourth and last defense, the sufficiency of which is questioned by the demurrer, it is alleged that "the plaintiff is not the real party in interest, and there is a defect of parties, and that the city of New York, as trustee for the inhabitants of the former town of

Jamaica, now the Fourth Ward of the borough of Queens, of the city of New York, is the real party in interest, but is not made a party hereto." This allegation is not sufficiently specific to raise an issue as to the right of the plaintiff to maintain the action. Mr. John Norton Pomeroy, who is perhaps the ablest text-writer on American Code Procedure, says on this subject:

"The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect, is not enough. The facts must be stated which constitute the defense, and which show that he is not the real party in interest." Pomeroy on Remedies & Remedial Rights, § 711.

We are not referred to any case in which this question has been passed upon by any appellate court in this state, but there are many Special Term decisions by judges of ability and distinction which support the doctrine thus stated by Mr. Pomeroy. It is sufficient to refer to White v. Drake, 3 Abb. N. C. 133, decided by Mr. Justice Barrett at Special Term in New York county, and the cases therein cited.

Our conclusion is that the demurrer of the plaintiff to the first, second, and fourth defenses set up in the answers of the respondents should be sustained.

Interlocutory judgment, so far as it overrules the demurrer of the plaintiff to the first, second, and fourth defenses set up in the answers of the Co-operative Society of New Jersey and Alonzo E. Smith, reversed, with costs of this appeal, and demurrer sustained, with costs. All concur.