THEODORE WENK, Appellant, *v.* THE CITY OF NEW YORK and Others, Defendants.

THE CO-OPERATIVE SOCIETY OF NEW JERSEY and ALONZO E. SMITH Respondents.

*Local bill embracing a subject not expressed in the title — taxpayer's action to annul fraudulent leases executed by town officers — neither the election of the fraudulent lessee to the office of supervisor, nor the improvement of the leased land constitutes a defense — estoppel — sufficiency of an allegation as to the real party in interest.*

Chapter 687 of the Laws of 1897, entitled, "An act conferring additional power upon the town board of the town of Jamaica, Queens county, relative to the public lands in such town," violates, so far as it attempts to ratify and confirm existing leases of lands belonging to the town, the constitutional provision that

a private or local bill shall not embrace more than one subject and that such subject shall be expressed in the title.

In an action brought by a taxpayer of the borough of Brooklyn to annul certain leases of common and marsh lands located in the former town of Jamaica, upon the ground that such leases were executed through collusion on the part of the officers of the town, the fact that the person for whose benefit the fraudulent leases were alleged to have been made was subsequently elected supervisor of the town, does not constitute a defense to the action.

The plaintiff is not estopped from maintaining the action because he made no objection while the lessees, in reliance upon the validity of the leases, expended upwards of $75,000 in the development and improvement of the leased lands.

An allegation contained in the answer interposed in such an action, averring that "the plaintiff is not the real party in interest, and there is a defect of parties, and that the City of New York, as trustee for the inhabitants of the former Town of Jamaica, now the Fourth Ward of the Borough of Queens, of the City of New York, is the real party in interest, but is not made a party hereto," is not sufficiently specific to raise an issue as to the right of the plaintiff to maintain the action.

REARGUMENT of an appeal by the plaintiff, Theodore Wenk, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 20th day of December, 1901, rendered after a trial at Special Term, in so far as said judgment overrules the demurrer of the plaintiff to the first, second and fourth defenses set up in the answer of the Co-operative Society of New Jersey, and the first, second and fourth defenses in the answer of Alonzo E. Smith.

The action was brought by a taxpayer of the borough of Brooklyn to annul certain leases of common and marsh lands located in the former town of Jamaica, upon the ground that such leases were executed through collusion on the part of the former officers of the town.

*Henry A. Monfort*, for the appellant.

*F. H. Van Vechten*, for the respondents.

WILLARD BARTLETT, J.:

The interlocutory judgment in this action sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and overruled the demurrers to the answers of the present respondents upon the doctrine of *Baxter* v.

*McDonnell* (154 N. Y. 432) that " a bad answer is good enough for a bad complaint." Upon an appeal to the Court of Appeals the complaint was held to be good. ( *Wenk* v. *City of New York,.* 171 N. Y. 607.) In consequence of this decision a reargument of the case has been ordered by this court to the end that the sufficiency of the answers of the Co-operative Society of New Jersey and Alonzo E. Smith may be passed upon on the assumption that the complaint states a good cause of action.

So far as any question arising upon this appeal is concerned, the answers are substantially the same, and the demurrer raises the same questions as to each.

The contents of the complaint are sufficiently stated in the opinion of Judge WERNER in the Court of Appeals. ( *Wenk* v. *City of New York, supra.*) The first defense attacked by demurrer in the answers of the respondents alleges that the plaintiff is estopped from questioning the legality of all but one of the leases mentioned in the complaint because they were ratified, validated and confirmed by chapter 687 of the Laws of 1897; and also by the action of the electors of the town of Jamaica, in the spring of 1896, in electing Frederick W. Dunton to the office of supervisor of that town.

We think it quite clear that this defense is insufficient in law. Chapter 687 of the Laws of 1897 is entitled, " An Act conferring additional powers upon the town board of the town of Jamaica, Queens county, relative to the public lands in such town." The 2d section, which is the portion of the statute relied upon by the respondents, confers upon the town board jurisdiction over all lands belonging to the town of Jamaica, not being land under water nor between high and low-water mark, and authorizes the supervisor to sell and convey or lease the same in accordance with regulations made by the town board. It further provides that, with certain exceptions, " all sales and leases shall be made to the bidder, whose bid shall be deemed by said town board for the best interest of said town, *and shall be subject to existing leases, which leases are hereby ratified and confirmed."* The final clauses in the provision quoted are relied upon as operative to give validity to the leases which are the subject of attack in the present suit. It is apparent, however, that no such effect can be given to the statute, when we consider its local character and the fact that its title in no manner expressed the

purpose of the enactment to be the ratification of existing leases or any leases whatsoever. The case in this respect closely resembles *Parfitt* v. *Furguson* (159 N. Y. 111), in which it was claimed that a contract with the board of improvement of the town of New Utrecht had been confirmed by an act of the Legislature. As to this point, Judge HAIGHT, writing the opinion of the Court of Appeals, said : " It is said that this clause of the contract was ratified and confirmed by chapter 59 of the Laws of 1891. It is true that in the provisions of that act appears a clause to the effect that any contract theretofore entered into by the board 'is hereby in all respects confirmed.' If such was the purpose of the act, we think it violative of that provision of the Constitution which provides that 'no private or local bills which may be passed by the Legislature shall embrace more than one subject, and that shall be expressed in the title.' (Art. III, § 16, Const. 1846.) This was a local act. It is entitled 'An act to amend chapter 576 of the Laws of 1888, entitled ' An act establishing a board of improvement and defining its powers and duties, and to provide for lighting the streets and other places in the town of New Utrecht, in the county of Kings,' as amended by chapter 361 of the Laws of 1889.' The establishing of a board of improvement for the town, and defining its powers and duties with reference to the lighting of the streets in the town, is one subject; that of ratifying and confirming illegal contracts is quite another subject."

As to the subdivision of the first defense which sets up the election of Frederick W. Dunton as supervisor of Jamaica as constituting a ratification of the leases, it is enough to say that we know of no rule of law which gives to the action of voters under such circumstances any confirmatory effect in respect to contracts of this kind.

The second defense to which the demurrer is directed alleges that since the making of the leases there has been expended, in reliance upon the legality and validity thereof, in the development and improvement of the lands which the leases cover and as rent for said land, the sum of $75,000 and upwards; that the plaintiff made no objection to the expenditure, and that by reason of his silence and *laches* the plaintiff is estopped from maintaining this action. We regard this allegation as equally insufficient to constitute a defense.

It fails to set out any facts which would constitute an estoppel in a suit like this, brought by a taxpayer in the public interest.

In the fourth and last defense, the sufficiency of which is questioned by the demurrer, it is alleged that "the plaintiff is not the real party in interest, and there is a defect of parties, and that the City of New York, as trustée for the inhabitants of the former Town of Jamaica, now the Fourth Ward of the Borough of Queens, of the City of New York, is the real party in interest, but is not made a party hereto." This allegation is not sufficiently specific to raise an issue as to the right of the plaintiff to maintain the action. Mr. John Norton Pomeroy, who is perhaps the ablest text writer on American Code procedure, says on this subject: "The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect is not enough; the facts must be stated which constitute the defence, and which show that he is not the real party in interest." (Pomeroy Rem. & Rem. Rights, § 711.) We are not referred to any case in which this question has been passed upon by any appellate court in this State, but there are many Special Term decisions, by judges of ability and distinction, which support the doctrine thus stated by Mr. Pomeroy. It is sufficient to refer to *White* v. *Drake* (3 Abb. N. C. 133), decided by Mr. Justice Barrett at Special Term in New York county, and the cases therein cited.

Our conclusion is that the demurrer of the plaintiff to the first, second and fourth defenses set up in the answers of the respondents. should be sustained.

Goodrich, P. J., Woodward, Hirschberg and Jenks, JJ., concurred.

Interlocutory judgment, so far as it overrules the demurrer of the plaintiff to the first, second and fourth defenses set up in the answers. of the Co-operative Society of New Jersey and Alonzo E. Smith, reversed, with costs of this appeal, and demurrer sustained, with costs.