EAMES v. KELLAR et al.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

INJUNCTION—CONTRACT WITH CITY—PARTIES.

An action cannot be maintained by a taxpayer against the contractor and officers of a city to restrain the performance of a contract made in behalf of the city, without making the city a party defendant.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 911, 2150–2152, 2198.]

Appeal from Special Term, Jefferson County.

Action for injunction by Elisha D. Eames against Barton H. Kellar and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

James A. Ward, for appellant.
V. E. Kellogg, for respondents.

STOVER, J. The action is brought by a taxpayer to restrain the performance of a contract made between the defendant Kellar, on the one part, and the defendants Lawyer and Potter, as a property committee of the city of Watertown, by which the defendant Kellar was to furnish and erect a revolving door at the front entrance of the city hall of the city of Watertown. The complaint alleges that certain aldermen of the city were interested in the contract; that it was therefore illegally entered into; that the defendant Kellar, the

nominal party to the contract, was not the real party interested in the contract, but that the same was entered into for the benefit of certain members of the common council of the city. The city of Watertown is not made a party to the action.

In the view that we have taken of the case, it is not necessary to review the evidence as to the illegality of the contract; and, while there are several unexplained features of the evidence which might well warrant a finding that members of the council were interested in the contract, it will not be profitable to enter upon a discussion of the facts.

The contract was entered into for the benefit of the city, on the one hand; and the evidence shows that, so far as the defendant Kellar is concerned, the city has received the entire benefit of the contract. The door has been erected, it is of such a character that it has become a permanent portion of the building, and it is nowhere claimed that the contract was not of advantage financially to the city. But this action seeks to annul this contract, and the effect would be either to permit the city to retain the property without compensation, or allow the defendant to enter upon the premises of the city and remove the door. The defendants have pleaded the nonjoinder of the city, and we think the plea a good one. The result of a judgment for the plaintiff in this action would be to set aside a contract upon hearing but one of the parties, with no power in the court to render a judgment which would protect the rights of both parties. A complete determination of this action without the presence of the city of Watertown as a party is impossible; and while it may be said that the performance of a contract in which a member of the common council is interested is illegal, and therefore must be a waste of public funds, yet even this question cannot be conclusively determined until the city has a right to be heard. Wenk v. City of N. Y., 171 N. Y. 607, 64 N. E. 509.

Without passing upon the questions of fact, we think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.