ELISHA D. EAMES, Appellant, *v.* BARTON H. KELLAR and Others, Respondents.

*Taxpayer's action — the city should be made a party where payment for work done under a contract with it is enjoined because aldermen are interested in it.*

Where a taxpayer in a city brings an action to restrain the performance of a contract made on behalf of the city, by its property committee, for the furnishing of a revolving door at the entrance of the city hall, on the ground that certain aldermen of the city were financially interested in the contract, the city is a necessary party to the action, particularly where the revolving door has actually been installed and has become a permanent portion of the building.

APPEAL by the plaintiff, Elisha D. Eames, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Jefferson on the 28th day of September, 1903, upon the decision of the court, rendered after a trial at the Jefferson Special Term, dismissing the plaintiff's complaint upon the merits and dissolving an injunction theretofore granted in the action.

*James A. Ward,* for the appellant.

*V. K. Kellogg,* for the respondents.

STOVER, J.:

The action is brought by a taxpayer to restrain the performance of a contract made between the defendant Kellar on the one part and the defendants Lawyer and Potter as a property committee of the city of Watertown, by which the defendant Kellar was to furnish and erect a revolving door at the front entrance of the city hall of the city of Watertown.

The complaint alleges that certain aldermen of the city were interested in the contract; that it was, therefore, illegally entered into; that the defendant Kellar, the nominal party to the contract, was not the real party interested in the contract, but that the same was entered into for the benefit of certain members of the common council of the city. The city of Watertown is not made a party to the action.

In the view that we have taken of the case it is not necessary to review the evidence as to the illegality of the contract. While there are several unexplained features of the evidence which might well warrant a finding that members of the council were interested in the contract, it will not be profitable to enter upon a discussion of the facts.

The contract was entered into for the benefit of the city on the one hand, and the evidence shows that so far as the defendant Kellar is concerned the city has received the entire benefit of the contract. The door has been erected; it is of such a character that it has become a permanent portion of the building, and it is nowhere claimed that the contract was not of advantage financially to the city. But this action seeks to annul this contract, and the effect would be either to permit the city to retain the property without compensation or allow the defendant to enter upon the premises of the city and remove the door. The defendants have pleaded the non-joinder of the city, and we think the plea a good one.

The result of a judgment for the plaintiff in this action would be to set aside a contract upon hearing but one of the parties, with no power in the court to render a judgment which would protect the rights of both parties. A complete determination of this action without the presence of the city of Watertown as a party is impossible; and while it may be said that the performance of a contract in which a member of the common council is interested is illegal, and, therefore, must be a waste of public funds, yet even this question cannot be conclusively determined until the city has a right to be heard. ( *Wenk* v. *City of New York*, 171 N. Y. 607.)

Without passing upon the questions of fact, we think the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.