### BLACK v. STRANG et al.

(Supreme Court, Appellate Division, Second Department. April 1, 1915.)

1. TROVER AND CONVERSION ☞34—ACTION AGAINST SEVERAL DEFENDANTS—PROOF OF JOINT TAKING.

Where two or more persons are sued jointly for a conversion, a joint taking must be proved.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 207–214; Dec. Dig. ☞34.]

2. PLEADING ☞107—ANSWER—SUFFICIENCY—MISJOINDER OF CAUSES.

A general averment to the effect that causes of action have been improperly joined is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 228; Dec. Dig. ☞107.]

3. PLEADING ☞194—SPECIAL DEFENSE—DEMURRER.

In an action against several for the conversion of personal property, an answer alleging as a separate and distinct defense that causes of action were improperly joined, in that the answering defendant did not do or assent to the acts alleged to have been done and assented to by a codefendant, and that such codefendant did not do or assent to any of the alleged acts done or assented to by answering defendant, was so much more than a mere denial of the allegations of the complaint that it might be reached by demurrer as an abortive effort to state a special defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444, 445, 446, 449–452; Dec. Dig. ☞194.]

4. PLEADING ☞136—GENERAL ISSUE.

A general denial is always the proper way to put in issue all that plaintiff has necessarily pleaded and must prove, and defendant should never plead as a "defense" anything embraced within the general issue raised by a general denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 284; Dec. Dig. ☞136.]

Appeal from Special Term, Kings County.

Action by Eva Black against William H. Strang, impleaded with another. From so much of an interlocutory judgment as overrules her demurrer to the fourth separate defense in the amended answer of defendant named, plaintiff appeals. Reversed, and judgment allowing a demurrer to the separate defense directed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and RICH, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles Goldzier, of New York City, for appellant.
John Alfred Valentine, of New York City, for respondent.

STAPLETON, J.  The complaint, excepting the introduction and demand, reads:

"That on or about the 28th day of October, 1912, at the borough of Brooklyn, City of New York, the defendants forcibly, wrongfully, and illegally took and carried away from the possession of this plaintiff certain personal property and effects, her property, of the reasonable value of sixty-five hundred ($6,500) dollars, and wrongfully and illegally converted the same to their own use, to the damage of this plaintiff in the sum of ten thousand ($10,000) dollars, which she claims."

The answer contains this denial:

"Upon information and belief, he denies each and every allegation in said complaint contained."

It also contains this plea:

"For a fourth separate and distinct defense he alleges:
"IV. Upon information and belief, that causes of action have been improperly united in the complaint herein, in that this defendant did not do, perform, commit, engage in, participate in, advise, direct, or assent to any of the acts alleged by the complaint herein to have been done, performed, committed, engaged in, participated in, advised, directed, and assented to by the defendant Charles D. Strang; and that said defendant Charles D. Strang did not do, perform, commit, engage in, participate in, advise, direct, or assent to any of the acts alleged by the complaint herein to have been done, performed, committed, engaged in, participated in, advised, directed, and assented to by this defendant."

The plaintiff demurs to the defense purporting to consist of new matter on the ground that it is insufficient in law upon the face thereof. The judgment appealed from disallowed the demurrer.

I quote from the respondent William H. Strang's argument in support of his theory of pleading:

"The defense offered by this [fourth] paragraph is that, if the defendants are guilty, each is guilty of a separate tort, which constitutes an independent cause of action, and that these independent causes of action may not be united in a single complaint."

The design of the pleader who drafted the complaint is to state a cause of action for damages against joint tort-feasors for a tort not in its nature essentially several.

[1] Where two or more persons are sued jointly for a conversion, a joint taking must be proved. Williams v. Sheldon, 10 Wend. 654, 657; Pomeroy's Code Remedies (3d Ed.) § 281. In Purington-Kimball Brick Co. v. Eckman, 102 Ill. App. 184, 185, the jury exonerated one of two sued jointly for negligence. The culpable defendant contended that the action was improperly brought against the two defendants "because one of them had nothing whatever to do with the wrong," if the verdict was to be taken as conclusive of the facts. The court said:

"If the declaration alleges as the cause of action the joint negligence of two or more defendants, the error, if any, in the joinder, can be reached neither by demurrer nor by plea in abatement. The truth or falsity of this allegation must be determined by the facts shown on the trial. The proper plea for those not guilty is the general issue. The reason is that a tort may be treated as joint or several."

[2] A general averment to the effect that causes of action have been improperly united is insufficient. Wenk v. City of New York, 82 App. Div. 584, 588, 81 N. Y. Supp. 583.

[3, 4] The statement is little more than a denial of material allegations of the complaint. It is, however, so much more than a mere denial as will permit it to be reached by demurrer as an abortive effort to state a special defense. In McManus v. Western Assurance Co., 43 App. Div. 550, 557, 48 N. Y. Supp. 820, 825, this court said:

"A general denial is always the scientific and sufficient way to put in issue all that the plaintiff has necessarily pleaded and must prove, though it seems to be growing very much out of mind in the profession. The defendant should never plead as a 'defense' anything which is embraced within the general issue raised by a general denial. A defense can consist only of new matter, viz., matter outside of such general issue. Code Civ. Proc. § 500."

I advise a reversal of so much of the interlocutory judgment as adjudges that the plaintiff's demurrer to the fourth separate defense of the amended answer be overruled, and that judgment allowing a demurrer to the fourth separate defense of the amended answer be directed, with costs. All concur.